GROSS, J.
John Miles appeals the entry of a summary final judgment against him in a case where he had not yet filed an answer. We affirm, because the record conclusively establishes that Miles could raise no legal defense to derail the plaintiffs claims.
As personal representative of the estate of Dorothy May Eight, appellee Dorothy Robinson sued Miles on various legal theories. She alleged that while living with the decedent during her waning years, Miles stole in excess of $340,000 by redeeming mutual funds and securities before abruptly fleeing the state and concealing his whereabouts.
With the help of a private investigator, Robinson located Miles living in the woods *865 of Pennsylvania. She had him served with process on May 22, 2000. In addition to the summons and complaint, Miles was served with a request for admissions, interrogatories, and a request for production.
On June 12, 2000, Miles moved to strike paragraphs of the complaint and moved to dismiss the complaint for failure to state a cause of action. He filed no answer. He neither filed a motion directed at any of the discovery, nor responded to it.
On October 5, 2000, Robinson moved for summary judgment based on the facts deemed to have been admitted by Miles’s failure to respond to the requests for admission. She also filed affidavits in support of the motion. Between October 5 and November 29, Miles did not file answers to the interrogatories or address his failure to respond to the requests for admission.
At a hearing on November 30, 2000, the trial court denied both of Miles’s motions and granted summary final judgment in favor of Robinson. Miles moved for rehearing on December 22, which the trial court denied on January 3, 2001.
A plaintiff may move for summary judgment at any time after the expiration of twenty days from the commencement of the action. See Fla. R. Civ. P. 1.510(a). However, if a plaintiff moves for summary judgment prior to the defendant’s filing an answer, she must conclusively demonstrate that the defendant cannot assert a genuine issue of material fact. See Gutterman-Musicant-Kreitzman v. I.G. Realty Co., 426 So.2d 1216, 1217 (Fla. 4th DCA 1984). As this court said in Madison v. Haynes,
When plaintiffs moved for a summary judgment before an answer was filed, they had the burden of conclusively establishing that no answer which the defendants might properly serve could present a genuine issue of material fact.
220 So.2d 44, 46 (Fla. 4th DCA 1969); accord Hodkin v. Ledbetter, 487 So.2d 1214, 1217 (Fla. 4th DCA 1986).
Although this burden is steep, it is not insurmountable. In this case, 312 requests for admission went unanswered by Miles. A request for admission is deemed admitted unless the party to whom a request is directed serves a written answer or objection. See Fla. R. Civ. P. 1.370(a). Miles had forty-five days after the May 22 service of process to answer the requests. Id. He neither responded nor objected to them. Miles did not seek leave of court to file an untimely response. To oppose the summary judgment, he did not inject his version of the facts into the record by answering and filing interrogatories or by swearing to an affidavit. Robinson’s affidavits, and the facts deemed admitted by Miles, stood unchallenged. Based on this one sided record, we find no error in the trial court’s granting of summary final judgment.
We find no conflict with a line of eases from the third district. Describing the holding of an earlier decision, Brown v. Travelers Indemnity Co., states that “entry of summary judgment based solely on the appellant’s failure to respond to requests for admissions was inappropriate.” 755 So.2d 167 (Fla. 3d DCA 2000). Examination of the eases cited in Brown reveals that they involved record evidence contrary to requests for admission that had been deemed admitted.
For example, in Stembridge v. Mintz, the record was “replete with evidence contradicting the admissions created by [defendant’s] failure to file a timely response.” 652 So.2d 444, 446 (Fla. 3d DCA 1995) (quoting Sher v. Liberty Mut. Ins. Co., 557 So.2d 638, 639 (Fla. 3d DCA 1990)). The Stembridge defendant had filed sworn an *866 swers to interrogatories and a sworn answer to the complaint. 652 So.2d at 446. Similarly, in Sher, an affidavit set out the defendant’s claims and specifically denied an admission of liability on a draft resulting from the defendant’s failure to respond to the plaintiffs requests. 557 So.2d at 639. The essence of these cases is that an admission created by a rule of procedure— the failure to respond to a request for admissions — cannot trump contrary record evidence and support a summary judgment. The record in this case demonstrates no such conflict with the extensive admissions of fact and Robinson’s affidavits.
AFFIRMED.
STONE and HAZOURI, JJ., concur.