KHOUZAM, Judge.
David J. Sandoro appeals a final judgment of foreclosure entered after the trial court granted the motion for summary judgment filed by HSBC Bank, USA National Association, as Trustee for Wells Fargo Home Equity Asset Backed Certificates, Series 2005-4 (HSBC Bank). Because the record contains genuine issues of material fact, we reverse and remand for further proceedings.
On April 10, 2007, Wells Fargo Bank, N.A. (Wells Fargo), filed, an unverified complaint against Mr. Sandoro seeking to foreclose a mortgage on real property. Mr. Sandoro did not answer the complaint. Instead, he filed a motion to dismiss based on Wells Fargo’s failure to attach a notice of acceleration[1] and the promissory note to the complaint. While Mr. Sandoro’s motion to dismiss was pending, Wells Fargo filed a motion for summary judgment. Mr. Sandoro filed an affidavit in opposition to Wells Fargo’s motion, contending, among other things, that Wells Fargo failed to satisfy the condition precedent of providing a notice of acceleration. Mr. Sandoro also noted that his motion to dismiss had not yet been resolved. The trial court denied Wells Fargo’s motion for summary judgment. Wells Fargo then filed a written response to Mr. Sandoro’s motion to dismiss, claiming that a notice of acceleration had been sent on November *732 17, 2006.[2] Wells Fargo did not provide any proof of mailing, however, and the copy of the notice of acceleration attached to Wells Fargo’s response was dated February 5, 2007.
Wells Fargo subsequently filed a motion to substitute HSBC Bank as the plaintiff. After the motion was granted, Mr. Sandoro filed an affidavit challenging HSBC Bank’s standing to foreclose the mortgage. In response, HSBC Bank filed a copy of the purported assignment of mortgage. The assignment reflected that the mortgage was transferred to HSBC Bank “on or before” April 3, 2007; however, the assignment was executed on October 9, 2008, and notarized on October 10, 2008. HSBC Bank then filed a motion for summary judgment, which was granted after a hearing.
We review the summary judgment de novo. Estate of Githens ex rel. Seaman v. Bon Secours-Maria Manor Nursing Care Ctr., Inc., 928 So.2d 1272, 1274 (Fla. 2d DCA 2006). “A movant is entitled to summary judgment ‘if the pleadings, depositions, answers to interrogatories, admissions, affidavits, and other materials as would be admissible in evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.’ ” Id. (quoting Fla. R. Civ. P. 1.510(c)). When a plaintiff moves for summary judgment before the defendant answers the complaint, the plaintiff “must not only establish that no genuine issue of material fact is present in the record as it stands, but also that the defendant could not raise any genuine issues of material fact if the defendant were permitted to answer the complaint.” BAC Funding Consortium Inc. ISAOA/ATIMA v. Jean-Jacques, 28 So.3d 936, 938 (Fla. 2d DCA 2010).
Here, the record reflected genuine issues of material fact regarding the purported assignment of mortgage and whether Mr. Sandoro had been provided with a notice of acceleration. Therefore, the trial court erred in granting HSBC Bank’s motion for summary judgment and we reverse and remand for further proceedings.
Reversed and remanded for further proceedings.
WHATLEY and KELLY, JJ., Concur.

. The mortgage states, in pertinent part:
Lender shall give notice to Borrower pri- or to acceleration following Borrower’s breach of any covenant or agreement in this Security Instrument.... The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property.

. Wells Fargo also alleged in its written response that the notice of acceleration was mailed on "September November 11, 2006[sic].”