ALTENBERND, Judge.
 

 Vasiliy and Marina Goncharuk appeal a final judgment of foreclosure entered after the trial court granted a motion for summary judgment in favor of HSBC Mortgage Services, Inc. We reverse. The procedural posture of this case and the disputed issue of fact that requires reversal of the summary judgment appear to be virtually identical to those in
 
 Sandoro v. HSBC Bank, USA National Ass’n,
 
 55 So.3d 730 (Fla. 2d DCA 2011).
 

 The Goncharuks obtained financing on a home in Port Charlotte in 2006 from The Lending Group, which loaned the Goncha-ruks $223,000. A standard Fannie Mae/Freddie Mac Form 3010 1/01 mortgage secured the promissory note. The mortgage contains a paragraph requiring the lender to provide a notice of acceleration if the lender wishes to accelerate payment of the note when the debtor falls behind on payments. When the Goncha-ruks fell behind on their payments in 2009, HSBC Mortgage filed this foreclosure proceeding claiming that the mortgage and note had been assigned to it.
 

 The Goncharuks filed a motion to dismiss, claiming that HSBC Mortgage had not established standing to bring the foreclosure suit because it did not have a written assignment of the loan and that HSBC Mortgage needed to file a cost bond. A few weeks later, HSBC filed its cost bond. It also filed a motion for summary judgment and supporting affidavit. It set both the Goncharuks’ motion to dismiss and its motion for summary judgment for hearing in early May 2010.
 

 The Goncharuks did not file an affidavit in opposition to the motion for summary judgment. A day before the hearing, they withdrew their motion to dismiss and filed an answer. The answer contained several common defenses, including a claim that HSBC Mortgage had not provided the notice of acceleration that the standard language in the mortgage requires it to provide.
 

 The trial court entered a summary judgment against the Goncharuks even though nothing in the record refuted their claim that they had not received the notice of acceleration. HSBC Mortgage seems to believe that the Goncharuks did something improper by waiting until the day before the hearing to withdraw their motion to dismiss and file an answer. At least in this context, we are aware of no rule of procedure that would prevent the Goncha-ruks from taking this step. Given that the answer contains no unusual defenses, nothing suggests that this step was taken for any improper purpose.
 

 As we explained in
 
 Sandoro
 
 and in several earlier cases, a plaintiff who moves for
 
 *682
 
 summary judgment before a defendant files an answer has a difficult burden.
 

 When a plaintiff moves for summary judgment before the defendant answers the complaint, the plaintiff “must not only establish that no genuine issue of material fact is present in the record as it stands, but also that the defendant could not raise any genuine issues of material fact if the defendant were permitted to answer the complaint.”
 

 Sandoro,
 
 55 So.3d at 782 (quoting
 
 BAC Funding Consortium Inc. ISAOA/ATIMA v. Jean-Jacques,
 
 28 So.3d 936, 938 (Fla. 2d DCA 2010)).
 
 See also Howell v. Ed Bebb, Inc.,
 
 35 So.3d 167, 168 (Fla. 2d DCA 2010);
 
 Brakefield v. CIT Group/Consumer Fin., Inc.,
 
 787 So.2d 115, 116 (Fla. 2d DCA 2001).
 

 The plaintiff must essentially anticipate the content of the defendant’s answer and establish that the record would have no genuine issue of material fact even if the answer were already on file. In
 
 Sandoro,
 
 the lender failed to address the notice of acceleration in its motion for summary judgment and accompanying affidavits. 55 So.3d at 731-32. HSBC Mortgage failed to address the same issue in this case; therefore, we must reverse the final judgment of foreclosure and remand for further proceedings.
 

 Reversed and remanded.
 

 VILLANTI and LaROSE, JJ., Concur.