PER CURIAM.
 

 The Appellants, the Woodrums, appeal the trial court’s entry of a final summary judgment of foreclosure in favor of Wells Fargo Mortgage Bank, N.A. They argue that entry of summary judgment was error where the record did not refute affirmative defenses raised by one of the Appellants in an affidavit in opposition to the motion for summary judgment. We agree and reverse.
 

 
 *874
 
 The bank filed a mortgage foreclosure complaint, to which the Woodrums failed to file an answer. Instead of moving for entry of a default, the bank filed a motion for summary judgment. In response, one of the Appellants, Faythe P. Woodrum, filed an affidavit in opposition to the motion, which raised numerous affirmative defenses.
 

 The standard of review of an order granting summary judgment is de novo.
 
 E. Qualcom Corp. v. Global Commerce Ctr. Ass’n,
 
 59 So.3d 347, 350 (Fla. 4th DCA 2011) (citation omitted). “[I]f a plaintiff moves for summary judgment prior to the defendant’s filing an answer, she must conclusively demonstrate that the defendant cannot assert a genuine issue of material fact.”
 
 Miles v. Robinson ex. rel. Estate of Kight,
 
 803 So.2d 864, 865 (Fla. 4th DCA 2002) (citation omitted).
 

 The bank argues on appeal that where an answer is overdue, affirmative defenses raised in an affidavit opposing the motion for summary judgment cannot be considered by the trial court. The bank offers no case law supporting its position. Florida Rule of Civil Procedure 1.510(c) allows the court to consider affidavits when determining whether a genuine issue of material fact exists. Additionally, a party may plead or defend at any time before a default is entered. Fla. R. Civ. P. 1.500(c).
 

 Because the bank failed to refute the affirmative defenses or show they were legally insufficient, it was error for the trial court to grant summary judgment.
 
 See Frost v. Regions Bank,
 
 15 So.3d 905 (Fla. 4th DCA 2009).
 

 Reversed and remanded.
 

 TAYLOR, HAZOURI and LEVINE, JJ., concur.