PER CURIAM.
Omar Haber appeals the trial court’s entry of a final summary judgment of foreclosure in favor of Deutsche Bank National Trust Company (the bank). He argues that summary judgment was improper because the bank lacked standing to file the foreclosure suit and failed to refute his affirmative defense that the bank did not provide him with the requisite notice and opportunity to cure required by the mortgage agreement. We affirm as to the standing issue without discussion, but we reverse the final summary judgment because the bank failed to refute appellant’s affirmative defense regarding notice and opportunity to cure.
The mortgage agreement states, in pertinent part:
*566 Lender shall give notice to Borrower prior to acceleration following Borrower’s breach of any covenant or agreement in this Security Instrument ... The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property.
There is no evidence within the record showing that the bank provided appellant with the requisite notice and opportunity to cure.
An order granting summary judgment is reviewed de novo. Allenby & Assocs., Inc. v. Crown St. Vincent Ltd., 8 So.3d 1211, 1213 (Fla. 4th DCA 2009) (citation omitted). In order to be entitled to summary judgment, a mortgagee must refute all of the affirmative defenses of the mortgagor or show that they are legally insufficient. Woodrum v. Wells Fargo Mortg. Bank, N.A., 73 So.3d 873, 874 (Fla. 4th DCA 2011) (citing Frost v. Regions Bank, 15 So.3d 905 (Fla. 4th DCA 2009)). Because the bank failed to show that it provided appellant with the requisite notice and opportunity to cure, it was not entitled to a final summary judgment of foreclosure.

Affirmed in part, Reversed in part and Remanded.

TAYLOR, GERBER and LEVINE, JJ., concur.