WHATLEY, Judge.
Anastasios and Dina Zervas appeal a final judgment of foreclosure entered in favor of Wells Fargo Bank, N.A., as trustee for the MLMI Trust Series 2005-FM1. We reverse because Wells Fargo did not establish that no answer which the Zervas-es might file could present a genuine issue of fact.
On October 6, 2009, Wells Fargo filed a mortgage foreclosure complaint against the Zervases when they stopped making their monthly mortgage payments in June 2009. Seeking additional time to obtain a mortgage loan modification, on November 9, 2009, the Zervases filed a motion to stay time for filing an answer to the complaint. Thereafter, on December 21, 2009, Wells Fargo filed a motion for final summary judgment and attorney’s fees. On June 24, 2010, the trial court granted the motion to stay and gave the Zervases ten days to file an answer to the complaint. The Zer-vases instead filed a motion to dismiss on July 1, 2010.
About one month later, on August 2, 2010, the trial court held a hearing on Wells Fargo’s motion for final summary judgment and on that same day entered an order granting the motion. There is no order in the record addressing the Zervas-es’ motion to dismiss. On August 12, 2010, the Zervases filed a motion to set aside judgment and notice of filing proposed answer and affirmative defenses. The, Zer-vases alleged several affirmative defenses, including the allegation- that Wells' Fargo failed to satisfy the condition precedent in paragraph twenty-two of the mortgage, which specifically required Wells Fargo to provide the Zervases with notice of the alleged default and a reasonable opportunity to cure.
We conclude that this case was not at issue when summary judgment was entered. The Zervases had not filed an answer and a default had not been entered against them. “[I]f ‘a plaintiff moves for summary judgment before the defendant has filed an answer, “the burden is upon the plaintiff to make it appear to a certainty that no answer which the defendant might properly serve could present a genuine issue of fact.” ’ ” Howell v. Ed Bebb, Inc., 35 So.3d 167, 168-69 (Fla. 2d DCA 2010) (quoting BAC Funding Consortium Inc. ISAOA/ATIMA v. Jean-Jacques, 28 So.3d 936, 937-38 (Fla. 2d DCA 2010)); see Goncharuk v. HSBC Mortg. Servs., Inc., 62 So.3d 680, 682 (Fla. 2d DCA 2011) (“The plaintiff must essentially anticipate the content of the defendant’s answer and establish that the record would have no genuine issue of material fact even if the answer were already on file.”). Wells Fargo failed to meet its burden to show that no answer which the Zervases might file could present a genuine issue of fact.
Most mortgages on the market contain an acceleration clause which is a condition precedent to filing a complaint for foreclosure. The clause in this case, like others this court has observed, is located in paragraph twenty-two of the mortgage and provides as follows:
Lender shall give notice to Borrower prior to acceleration following Borrower’s breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to *455 cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure ....
Although Wells Fargo made the general allegation in its complaint that “[a]ll conditions precedent to the filing of this action have been met by Plaintiff,” there is no evidence in the record that Wells Fargo complied with paragraph twenty-two. Similar to Goncharuk, 62 So.3d at 682, Wells Fargo did not establish that the record would have no genuine issue of material fact where it did not address the notice of acceleration in the motion for summary judgment or accompanying affidavits. See also Konsulian v. Busey Bank, N.A., 61 So.3d 1283, 1285 (Fla. 2d DCA 2011); Sandoro v. HSBC Bank, 55 So.3d 730, 732 (Fla. 2d DCA 2011).
We also note that the mortgage and note attached to the complaint show the lender to be Fremont Investment and Loan. On April 1, 2010, approximately six months after the complaint was filed, Wells Fargo filed a lost note affidavit, which alleged that the note was lost by its attorney sometime after the attorney received it on November 2, 2009. In their motion to dismiss, the Zervases alleged, among other grounds, that Wells Fargo did not have standing to bring the foreclosure complaint because it did not have a written assignment of the loan. Then on July 26, 2010, seven days before the hearing on the motion for summary judgment, Wells Fargo filed the note as a supplemental exhibit to its complaint. The note contains an endorsement in blank, but there is no evidence in the record establishing that the endorsement in blank was made to Wells Fargo prior to the filing of the foreclosure complaint. See Feltus v. U.S. Bank Nat’l Ass’n, 80 So.3d 375, 377 n. 2 (Fla. 2d DCA 2012) (holding that bank was required “to prove the endorsement in blank was effectuated before the lawsuit was filed”).
We reverse the final judgment of foreclosure and remand for further proceedings.
Reversed and remanded.
CASANUEVA and BLACK, JJ., Concur.