WARNER, J.
Appellant challenges the final summary judgment of foreclosure entered by the trial court. She claims that her answer *1094 and opposition affidavit raised material issues of fact as to whether the appellee satisfied the contractual conditions precedent to foreclosure. We agree that material issues of fact remain and we reverse the summary judgment.
Appellee, Deutsche Bank, filed a complaint alleging that appellant, Finnegan, had failed to make payments on a promissory note and sought foreclosure of the mortgage securing the note. In the complaint, it alleged that all conditions precedent to the acceleration of the mortgage note and foreclosure had occurred. Finnegan filed an answer specifically denying that she had received notice of the default in accordance with the terms of the mortgage. Deutsche Bank then filed a motion for summary judgment. Its affidavit in support did not mention the conditions precedent. Finnegan filed an affidavit in opposition again swearing that she had received no notice of default in accordance with the mortgage provisions. The bank also filed copies of letters allegedly sent to Finnegan but these were not sworn. The trial court eventually entered summary judgment in favor of the bank.
Based upon this record, a material issue of fact remains as to whether the bank satisfied a condition precedent by giving the proper pre-suit notice, as required by sections 15, 20, and 22 of the mortgage. Section 20 provides:
Neither Borrower nor Lender may commence ... any judicial action ... until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action.... The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.
Finnegan alleged in her answer to the complaint and again in her affidavit in opposition to the motion for summary judgment that she did not receive notices in compliance with these sections. While the bank filed copies of letters allegedly sent to her, these were not sworn and could not be considered on a motion for summary judgment. “Merely attaching documents which are not ‘sworn to or certified’ to a motion for summary judgment does not, without more, satisfy the procedural strictures inherent in Fla.R.Civ.P. 1.510(e).” Bifulco v. State Farm Mut. Auto. Ins. Co., 693 So.2d 707, 709 (Fla. 4th DCA 1997). The affidavit filed by the bank did not address the issue of compliance with the notice provisions of the mortgage. Therefore, an issue of fact remains as to whether the bank fulfilled the condition precedent to foreclose the mortgage.
Because a material issue of fact remains, we reverse the summary judgment and remand for further proceedings.
STEVENSON and TAYLOR, JJ., concur.