TAYLOR, J.
Eugene Dominko, the defendant in this mortgage foreclosure action, appeals a final summary judgment of foreclosure. Because Wells Fargo failed to establish that no answer which the defendant might file could present a genuine issue of material fact regarding whether Wells Fargo complied with the condition precedent of providing pre-suit notice of default, we reverse. See Zervas v. Wells Fargo Bank, N.A., 93 So.3d 453 (Fla. 2d DCA 2012).
In February 2010, Wells Fargo filed a mortgage foreclosure complaint against the defendant. Wells Fargo alleged that it was the holder of the note and mortgage, that the defendant was in default under the loan, and that all conditions precedent to the acceleration of the note had occurred. The defendant did not file an answer to the complaint. Wells Fargo did not, however, move for a default.
In April 2010, Wells Fargo filed a motion for summary judgment. The next month, Wells Fargo filed the original note, endorsed in blank. Wells Fargo later filed an Amended Affidavit as to Amounts Due and Owing. The Amended Affidavit did not mention the conditions precedent.
*698 The defendant filed his own motion for summary judgment in November 2010, arguing that the suit should be dismissed without prejudice based on Wells Fargo’s alleged failure to comply with the pre-suit notice requirement in the acceleration clause of the mortgage contract. However, the defendant never set a hearing on his motion for summary judgment. In April 2011, the defendant filed an “Opposition to Plaintiffs Motion for Summary Judgment,” but the defendant did not actually submit any affidavits opposing summary judgment.
After a hearing, the trial court granted Wells Fargo’s motion for summary judgment and entered a final judgment of mortgage foreclosure. This appeal ensued.
The standard of review of an order granting summary judgment is de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). The burden is upon the party moving for summary judgment to show conclusively the complete absence of any genuine issue of material fact. Albelo v. S. Bell, 682 So.2d 1126, 1129 (Fla. 4th DCA 1996).
The defendant argues that summary judgment was improper because there is a genuine issue of material fact regarding whether Wells Fargo complied with the condition precedent of providing a pre-suit notice of default. We agree. Paragraph 22 of the mortgage sets forth a pre-suit requirement that the lender give the borrower thirty days’ notice and an opportunity to cure the default prior to filing suit.
When Wells Fargo moved for summary judgment in this case, the defendant had not filed an answer and a default had not been entered against him. A plaintiff who moves for summary judgment before a defendant files an answer has a “difficult burden.” Goncharuk v. HSBC Mortg. Servs., Inc., 62 So.3d 680, 681-82 (Fla. 2d DCA 2011). When a plaintiff moves for summary judgment before the defendant answers the complaint, the plaintiff must not only establish that no genuine issue of material fact is present in the record as it stands, but also that the defendant could not raise any genuine issues of material fact if the defendant were permitted to answer the complaint. Sandoro v. HSBC Bank, USA Nat’l Ass’n, 55 So.3d 730, 732 (Fla. 2d DCA 2011). “The plaintiff must essentially anticipate the content of the defendant’s answer and establish that the record would have no genuine issue of material fact even if the answer were already on file.” Goncharuk, 62 So.3d at 682.
Here, the trial court erred in entering summary judgment in favor of Wells Fargo, as Wells Fargo failed to meet its burden to show that no answer which the defendant might file could present a genuine issue of material fact. In Zervas v. Wells Fargo Bank, N.A., 93 So.3d 453 (Fla. 2d DCA 2012), the Second District reversed summary judgment in a foreclosure action where there was no evidence in the record that the bank complied with paragraph twenty-two of the mortgage, and the bank did not establish that no answer which the borrowers might file could present a genuine issue of fact.
Although Wells Fargo made the general allegation in its complaint that all conditions precedent to the foreclosure action had occurred, there was no evidence in the record that Wells Fargo complied with paragraph twenty-two of the mortgage. Wells Fargo’s affidavit in support of summary judgment did not mention the conditions precedent. Just as the Second District concluded in Zervas, we find that Wells Fargo “did not establish that the record would have no genuine issue of *699 material fact where it did not address the notice of acceleration in the motion for summary judgment or accompanying affidavits.” Id. at 455; see also Finnegan v. Deutsche Bank Nat’l Trust Co., 96 So.3d 1093 (Fla. 4th DCA 2012) (reversing summary judgment where borrower filed an answer specifically denying that she had received notice of the default, the bank’s affidavit in support of summary judgment did not mention the conditions precedent, and the bank’s unsworn documents could not be considered); Goncharuk, 62 So.3d at 682 (reversing summary judgment where the lender failed to address the notice of acceleration in its motion for summary judgment and accompanying affidavits, and nothing in the record refuted the borrowers’ claim that they had not received the notice of acceleration); Sandoro v. HSBC Bank, 55 So.3d 730 (Fla. 2d DCA 2011) (reversing summary judgment where lack of pre-suit notice was raised in a pending motion to dismiss as well as in the defendant’s opposition to summary judgment, and there was a genuine issue of material fact regarding whether the borrower had been provided with a notice of acceleration).
Based on the foregoing, we reverse the final judgment of foreclosure and remand for further proceedings. We need not address the defendant’s alternative arguments for reversal. Finally, nothing in this opinion precludes the submission of another motion for summary judgment on a more fully developed record.

Reversed and Remanded.

DAMOORGIAN, J., and CORLEW, REGINALD, Associate Judge, concur.