STONE, BARRY J., Senior Judge.
Defendants (McColmans) appeal a summary final judgment and an order denying rehearing in a mortgage foreclosure. We affirm.
The action was filed in mid-2009. The McColmans filed a motion to dismiss which was denied on May 9, 2011, the court giving the McColmans twenty days to answer. No answer or other paper was served or filed by the McColmans after the May 9 order. In July of 2011, the plaintiff (Bank) moved the court to enter a judicial default, based on the McColmans’ failure to comply with the May 9 order. Seven months later, the Bank also moved for a clerk’s default. The clerk filed a Notice of Default Not Entered, apparently based on the McColmans’ prior filing of the motion to dismiss.
On December 8, 2011, the Bank moved for summary final judgment, and noticed the motion for hearing. The notice was accompanied by a copy of the motion and the affidavits in support. There was also a Notice of Filing of the original note and mortgage. Neither the McColmans nor their counsel appeared for the hearing, and Summary Final Judgment was entered on February 29, 2012, nine months after the answer was due. There is no explanation in the record why the court failed to enter a default. The summary judgment hearing is not transcribed.
By a motion for rehearing, the McCol-mans asserted that the Bank failed to disprove all possible defenses and that there were issues of fact precluding entry of a summary judgment. In the motion, the McColmans noted numerous possible defenses that might have been raised by them had they elected to plead, or even file an affidavit, and which are not dispelled on the face of the complaint or the affidavits and documents filed by the Bank. Those potential defenses include whether they received a notice of acceleration called for in the mortgage, whether the Bank had standing to bring the suit, the unsupported possibility of fraud by counsel or the Bank in the course of this action, inconsistency in that the complaint contained a lost note count which was not dropped, and inaccuracy of the amount claimed to be due.
The McColmans assert that because a default had not been entered prior to the summary judgment hearing, the judgment could not have been properly entered because the Bank bore, and did not meet, the “unusually heavy” burden to disprove that there might be genuine issues of fact as to any possible defenses that could have been raised in an answer. They also assert that a review of the earlier filed motion to dismiss, which was rejected, would have alerted the trial court to some of their possible defenses. We are, however, aware of no principle of law or rule that requires a trial court at a summary judgment hearing to search the record in order to consider the substantive content of a previously denied motion to dismiss so as to determine whether it asserts matters *670 that might have been raised in an answer had one been filed.
The McColmans rely on established law, clearly recognized by this Court, imposing a heavier burden on plaintiffs moving for summary judgment prior to an answer being served where no default has been entered. In such circumstance, the plaintiff must go a step further, and conclusively demonstrate that there is no genuine issue of material fact. See, e.g., Woodrum v. Wells Fargo Mortg. Bank, N.A., 73 So.3d 873 (Fla. 4th DCA 2011); Dominico v. Wells Fargo Bank N.A., 102 So.3d 696 (Fla. 4th DCA 2012). Such law is well stated in Dominico where we reversed a summary judgment because the plaintiff failed to establish that “no answer which the defendant might file could present a genuine issue of material fact” as to plaintiff providing pre-suit notice. Id. at 698. There, we recognized that “[a] plaintiff who moves for summary judgment before a defendant files an answer has a ‘difficult burden.’ Id. (citing Goncharuk v. HSBC Mortg. Servs., Inc., 62 So.3d 680, 681-82 (Fla. 2d DCA 2011)).” In other words, as stated in Goncharuk, “The plaintiff must essentially anticipate the content of defendant’s answer.... ” Goncharuk, 62 So.3d at 682. However, this Court has also recognized that “[although the burden is steep, it is not insurmountable.” Miles v. Robinson ex rel. Estate of Right, 803 So.2d 864, 865 (Fla. 4th DCA 2002). Where, for example, the defendant failed to answer hundreds of requests for admission, did not object to the requests or seek leave to file an untimely response, and failed to inject his version of the events into the record by answering and filing interrogatories or by swearing to an affidavit, a trial court does not err in granting summary judgment for the plaintiff. Id.
Dominico and Woodrum are factually distinguishable from the circumstances in this case, as are the other authorities relied on by the McColmans. In Dominico, the plaintiff failed to seek a default and the defendant, notwithstanding his failure to file an answer, actually filed his own motion for summary judgment affirmatively asserting that the plaintiff had failed to comply with the condition precedent of giving pre-suit notice and also filed a document signifying opposition to the plaintiffs motion. Similarly, in Woodrum, the plaintiff failed to seek a default and the defendant filed an affidavit in opposition to the motion for summary judgment raising affirmative defenses. There, we recognized that the rules allow a party to defend at any time before a default is entered and allow the court to consider affidavits when determining whether an issue of material fact exists. Woodrum, 73 So.3d at 874; Fla. R. Civ. P. 1.500(c). We have never held, however, nor should we, that where an answer has not been filed and no default entered, a defendant who has had ample time and opportunity to inject their version of the facts into the record but refuses to do so may, simply by raising the possibility of defenses in a motion for rehearing, avoid the consequences of the failure to act. The McColmans did not comply with the court’s order to file an answer, and have never sought leave to file an untimely answer.
The McColmans also raise an issue of due process concerning an irregularity in service of the Bank’s motion for summary judgment and the notice of hearing on that motion as well as of service issues earlier in the case. They claim, for the first time in their reply brief, that pleadings were not served on the suite number reflected on the McColmans’ attorney’s notice of appearance. However, the record reflects that in subsequent filings, the McColmans’ attorney used a different suite number, and this was the one relied on by the Bank *671 for service. Additional arguments asserted in the McColmans’ brief and reply brief were not preserved and are not addressed. See Freeman v. Deutsche Bank Trust Co. Americas, 46 So.3d 1202, 1205 (Fla. 4th DCA 2010) (argument that affidavit was inadmissible hearsay was not preserved where it was raised for the first time on appeal); Pensacola Beach Pier, Inc. v. King, 66 So.3d 321, 326 (Fla. 1st DCA 2011) (argument not raised in response to motion for summary judgment or in motion for rehearing was not preserved for appeal). Therefore, summary judgment is affirmed.
WARNER and GROSS, JJ., concur.