DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**ANN FREIDAY,**
Appellant,

v.

**ONEWEST BANK, FSB,**
Appellee.

No. 4D13-1155

[October 1, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Roger B. Colton, Judge; L.T. Case No. 502012CA0011858.

Brian K. Korte and Scott J. Wortman of Korte & Wortman, P.A., West Palm Beach, for appellant.

Marc James Ayers of Bradley Arant Boult Cummings LLP, Birmingham, Alabama, for appellee.

STEVENSON, J.

Ann Freiday appeals from a final summary judgment of foreclosure. We find that the trial court erred in granting summary judgment because there remains a genuine issue of material fact as to whether OneWest complied with conditions precedent to foreclosure.

In June of 2012, OneWest filed a verified foreclosure complaint against Freiday. As a part of this complaint, OneWest stated that "[a]ll conditions precedent to the acceleration of the note and foreclosure of the mortgage have occurred or have been performed, waived or excused." OneWest later filed a motion for summary judgment, with an affidavit of indebtedness attached to the motion. A copy of a default letter was also attached to the motion, but it is unclear whether this default letter was considered an exhibit to the affidavit of indebtedness or was simply a stand-alone document attached to the motion.

Freiday answered and raised numerous affirmative defenses, including a failure by OneWest to comply with conditions precedent. After a hearing

on OneWest's motion, the trial court entered final summary judgment in favor of OneWest.

The standard of review of an order granting summary judgment is *de novo*. *Dominko v. Wells Fargo Bank, N.A.*, 102 So. 3d 696, 698 (Fla. 4th DCA 2012). "'Before a plaintiff is entitled to a summary judgment of foreclosure, the plaintiff must either factually refute the alleged affirmative defenses or establish that they are legally insufficient to defeat summary judgment.'" *Frost v. Regions Bank*, 15 So. 3d 905, 906 (Fla. 4th DCA 2009) (quoting *Knight Energy Servs., Inc. v. Amoco Oil Co.*, 660 So. 2d 786, 788 (Fla. 4th DCA 1995)).

As previously noted by this court, "'[m]erely attaching documents which are not 'sworn to or certified' to a motion for summary judgment does not, without more, satisfy the procedural strictures inherent in Fla. R. Civ. P. 1.510(e).'" *Finnegan v. Deutsche Bank Nat'l Trust Co.*, 96 So. 3d 1093, 1094 (Fla. 4th DCA 2012) (quoting *Bifulco v. State Farm Mut. Auto. Ins. Co.*, 693 So. 2d 707, 709 (Fla. 4th DCA 1997)). In *Finnegan*, the bank filed a motion for summary judgment and later filed copies of unsworn default letters that had allegedly been sent to the homeowner. This court reversed the entry of summary judgment, and held that the trial court should not have considered the unsworn letters as evidence. It further observed that the affidavit filed by the bank in support of its motion failed to address whether the bank complied with conditions precedent. *Id.* at 1094; *see Bryson v. Branch Banking & Trust Co.*, 75 So. 3d 783, 786 (Fla. 2d DCA 2011) (reversing summary judgment of foreclosure when the bank filed "unauthenticated copies of default letters," and noting that the default letters were not "self-authenticating because extrinsic evidence to establish its truthfulness is still required").

Similar to *Finnegan* and *Bryson*, the default letter attached to OneWest's motion for summary judgment was not properly authenticated. Neither the motion for summary judgment nor the affidavit of indebtedness mentions anything about OneWest's compliance with conditions precedent, and it is unclear from the affidavit whether the letter was considered a part of an exhibit that was attached to the affidavit. *See Dominko*, 102 So. 3d at 698–99 ("Just as the Second District concluded in *Zervas*, we find that Wells Fargo 'did not establish that the record would have no genuine issue of material fact where it did not address the notice of acceleration in the motion for summary judgment or accompanying affidavits.'") (quoting *Zervas v. Wells Fargo Bank, N.A.*, 93 So. 3d 453, 455 (Fla. 2d DCA 2012)). Thus, because the default letter was not competent evidence, the trial court should not have relied on the default letter when considering OneWest's motion for summary judgment.

2

Accordingly, since there remains a material issue of fact as to whether OneWest complied with Paragraphs 15 and 22 of the mortgage, we reverse and remand for further proceedings.

*Reversed and Remanded.*

WARNER and GERBER, JJ., concur.

*      *      *

**Not final until disposition of timely filed motion for rehearing.**