DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATEWIDE HOMEOWNERS SOLUTIONS, LLC,**
Appellant,

v.

**NATIONSTAR MORTGAGE, LLC,**
Appellee.

No. 4D13-3467

[December 9, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard Harrison, Judge; L.T. Case No. 2011CA020936.

Jonathan Kline, Stephanie M. Taylor and Rachel Bentley of Jonathan Kline, P.A., Weston, for appellant.

Nancy M. Wallace and Kristen M. Fiore of Akerman, LLP and William P. Heller of Akerman, LLP, Fort Lauderdale, for appellee.

CONNER, J.

The appellant appeals a foreclosure *in rem* summary judgment in favor of Nationstar. Although the appellant raises several issues on appeal, we address only one of its arguments and reverse. We agree with appellant's argument that Nationstar failed to satisfy its heightened burden of proof on its motion for summary judgment filed prior to the appellant answering the complaint. After being put on notice that the appellant was contesting standing, Nationstar failed to establish that no answer which the appellant might file could present a genuine issue of material fact as to Nationstar's standing.

*Factual Background and Trial Court Proceedings*

Statewide acquired title to the subject property at a foreclosure sale after a homeowners' association obtained a final judgment against the homeowner, foreclosing its claim of lien for unpaid association assessments. Prior to the issuance of Statewide's certificate of title, Aurora Loan Services, LLC ("Aurora") filed a one-count verified complaint for

foreclosure *in rem* against the prior homeowner and others, alleging a default under the note and mortgage. The complaint alleged that Aurora "is the servicing agent for Deutsche Bank Trust Company Americas [("Deutsche Bank")], as trustee, to whom the note is specifically endorsed, and is authorized to prosecute this foreclosure action on behalf of [Deutsche Bank]." Attached to the complaint were copies of the note and mortgage. The note contained two undated special endorsements: one from the original lender, Homecomings Financial Network, Inc., to Residential Funding Corporation; and the other from Residential Funding Corporation to Deutsche Bank.

Having not been served with a summons, Statewide filed a motion to intervene as the owner of the real property in the mortgage foreclosure action and a motion to dismiss. The motion to intervene was granted.[1] The motion to dismiss asserted, among other things, Aurora's lack of standing. It does not appear that the motion to dismiss was ever ruled upon. After Statewide was allowed to intervene, Nationstar was substituted as party plaintiff in place of Aurora, pursuant to Aurora's motion explaining that the servicing rights of the subject note and mortgage had been transferred from Aurora to Nationstar.

Subsequently, Nationstar filed a Motion for Summary Judgment of Foreclosure *in rem*. Attached to its motion, Nationstar filed several affidavits, including one attesting to the conclusory statement that Nationstar "holds the promissory note." Nationstar then obtained defaults against the prior homeowner and the other defendants, but not against Statewide. In response to Nationstar's summary judgment motion, Statewide filed its affidavit in opposition asserting, among other things, that Nationstar did not have standing.[2]

On the day of the hearing on Nationstar's motion for summary judgment, Nationstar filed the original note and mortgage with the trial court. At the hearing, counsel for Statewide argued that Nationstar had a heightened burden in proceeding on summary judgment prior to Statewide filing an answer to the complaint and maintained that Nationstar had

[1] In moving to intervene, the appellant sought approval "to assert any claims or defenses to protect its rights and interests." The order granting the motion does not state any limitations, so it appears that the appellant was granted party status.

[2] Although the affidavit does not appear in the appellate record, an argument made by Nationstar's counsel in the transcript of the summary judgment hearing indicates the affidavit in opposition was filed.

failed to meet that burden or to even show that there were no genuine issues of material fact. Among other things, Statewide argued that Nationstar, the current plaintiff, had failed to show that it had standing or had been authorized to bring the suit. In response, Nationstar insisted that it had standing, having been substituted as party plaintiff, because it had Power of Attorney for Deutsche Bank, with a note endorsed to Deutsche Bank. However, review of the record does not indicate that Nationstar submitted any affidavits or evidence to reflect its purported "Power of Attorney" or servicer status. Nevertheless, the trial court granted Nationstar's motion for summary judgment, and entered final judgment in its favor. After its motion for rehearing was denied, Statewide gave notice of its appeal.

*Appellate Analysis*

The granting of a motion for summary judgment is reviewed *de novo. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.,* 760 So. 2d 126, 130 (Fla. 2000). Summary judgment is appropriate only where "there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." Fla. R. Civ. P. 1.510(c). The burden is on the moving party to "show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the party against whom a summary judgment is sought." *Moore v. Morris*, 475 So. 2d 666, 668 (Fla. 1985). Notably, "a plaintiff who moves for summary judgment before a defendant files an answer has a 'difficult burden.'" *Dominko v. Wells Fargo Bank, N.A.,* 102 So. 3d 696, 698 (Fla. 4th DCA 2012) (citing *Goncharuk v. HSBC Mortg. Servs., Inc.,* 62 So. 3d 680, 681–82 (Fla. 2d DCA 2011)).

> When a plaintiff moves for summary judgment before the defendant answers the complaint, *the plaintiff must not only establish that no genuine issue of material fact is present in the record as it stands, but also that the defendant could not raise any genuine issues of material fact if the defendant were permitted to answer the complaint.* The plaintiff must essentially anticipate the content of the defendant's answer and establish that the record would have no genuine issue of material fact even if the answer were already on file.

*Id.* (emphasis added) (citations omitted) (internal quotation marks omitted).

Statewide argues that Nationstar failed to establish that no answer which Statewide might file could present a genuine issue of material fact

3

as to Nationstar's standing.  We agree.

In *Dominko,* we held that it was error to enter summary judgment in favor of the bank where it had "failed to meet its burden [to] show that no answer which the [homeowner] might file could present a genuine issue of fact."  *Id.*  In that case, the bank filed a foreclosure suit against the homeowner, who did not file an answer to the complaint.  *Id.* at 697.  The bank, however, did not move for a default.  *Id.*  Instead, the bank moved for summary judgment.  *Id.*  Afterward, the homeowner filed his own motion for summary judgment arguing that the suit should be dismissed based on the bank's failure to comply with the pre-suit notice requirement.  *Id.* at 698.  However, the homeowner never set a hearing on his motion for summary judgment.  *Id.*  Thereafter, the homeowner filed his response in opposition to the bank's motion for summary judgment, but failed to provide any affidavits in support thereof.  *Id.*  The trial court granted the bank's motion for summary judgment after a hearing.  *Id.*  The homeowner appealed, arguing that summary judgment was improper because there was a genuine issue of material fact regarding whether the bank complied with the condition precedent of providing a pre-suit notice of default.  *Id.*  On appeal, we agreed with the homeowner and reversed, explaining that when the bank moved for summary judgment, the homeowner had not filed an answer and a default had not been entered against him, resulting in a heavier burden on the bank on summary judgment.  *Id.*  "Although [the bank] made the general allegation in its complaint that all conditions precedent to the foreclosure action had occurred, there was no evidence in the record that [the bank] complied with paragraph twenty-two of the mortgage."  *Id.*  Therefore, we concluded that the bank "did not establish that the record would have no genuine issue of material fact where it did not address the notice of acceleration in the motion for summary judgment or accompanying affidavits."  *Id.* at 698-99.

We find that the facts of the instant case are analogous to those in *Dominko.* Here, as was the case in *Dominko,* when Nationstar moved for summary judgment, Statewide had not filed an answer, and a default had not been entered against it, resulting in a heavier burden on Nationstar for summary judgment.  Additionally, like the homeowner in *Dominko,* who had filed his own motion for summary judgment challenging the bank's compliance with the pre-suit notice requirement but had not set it for hearing, Statewide also had filed a motion to dismiss (though prior to being granted intervention), challenging, among other things, Nationstar's standing, but had also not yet set the matter for hearing.  Statewide also filed an affidavit in opposition to the motion for summary judgment, asserting a lack of standing.  Furthermore, as in *Dominko,* review of the record in the instant case reflects that Nationstar failed to meet its burden

4

to show that no answer which Statewide might file could present a genuine issue of fact. Quite simply, Nationstar failed to file sufficient summary judgment evidence regarding its standing to file suit.

As such, we reverse the final summary judgment and remand for further proceedings consistent with this opinion. As we explained in *Dominko*, however, on remand, Nationstar would not be precluded from submitting another motion for summary judgment on a more fully developed record.

Finally, we take note of one of Statewide's other arguments on appeal, in which it contends that the trial court erred in denying its motion for disqualification of the trial judge. Statewide maintains that at the summary judgment hearing, the trial judge silenced its arguments, showing a clear bias in favor of Nationstar, prior to Statewide putting forth its argument. However, Statewide's motion to disqualify was filed approximately two months after the summary judgment hearing and the order entering final judgment. Accordingly, its motion to disqualify was untimely filed, and the trial court therefore did not err in denying same. *See* Fla. R. Jud. Admin. 2.330(e).[3] Nevertheless, while we do not reverse on this issue, based upon our review of the hearing transcript and the trial judge's comments made therein, we suggest that on remand, future proceedings in this case be held before a different judge.

*Reversed and remanded.*

STEVENSON and GERBER, JJ., concur.

---

[3] The time for which a motion to disqualify a judge must be filed is as follows:

> A motion to disqualify shall be filed within a reasonable time **not to exceed 10 days after discovery of the facts constituting the grounds for the motion** *and shall be promptly presented to the court for an immediate ruling.* Any motion for disqualification made during a hearing or trial must be based on facts discovered during the hearing or trial and may be stated on the record, provided that it is also promptly reduced to writing in compliance with subdivision (c) and promptly filed. A motion made during hearing or trial shall be ruled on immediately.

Fla. R. Jud. Admin. 2.330(e) (emphasis added). Thus, the time to file the motion for disqualification in this case would have been at the subject hearing or within ten days thereafter.

*       *       *

*Not final until disposition of timely filed motion for rehearing.*