DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LLOYD S. MEISELS, P.A.,** d/b/a
**CORAL SPRINGS ANIMAL HOSPITAL**, a Florida corporation,
and **CHRISTOPHER MCLAUGHLIN, DVM,**
Appellants,

v.

**STEVEN DOBROFSKY,**
Appellee.

No. 4D21-2397

[June 8, 2022]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; John Hurley, Judge; L.T. Case No. CONO18-008000.

Victor H. Waite and Brian P. Henry of Rolfes Henry Co., LPA, Fort Lauderdale, for appellants.

Steven Dobrofsky, Lauderdale by the Sea, pro se.

GROSS, J.

Applying Florida's amended summary judgment rule, this case focuses on what can happen when the nonmoving party fails to serve a response to the motion.

We hold that, under the facts of this case, where the nonmoving party failed to respond to the motion for summary judgment as required by the rule, the trial judge did not abuse his discretion by considering the moving party's facts as undisputed and granting summary final judgment.

The defendants below, Lloyd S. Meisels, P.A., d/b/a Coral Springs Animal Hospital (the "Hospital"), and Christopher McLaughlin, DVM, appeal a final summary judgment entered in favor of the plaintiff, Steven Dobrofsky.

This case concerns a dispute over the Hospital's bill for the treatment of the plaintiff's dog.

The plaintiff filed suit claiming that he was entitled to recover $9,174, less the $2,818.76 refunded by the Hospital, for a CAT scan which the Hospital did not perform. The plaintiff's complaint contained four counts: (1) violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"); (2) fraud; (3) unjust enrichment; and (4) breach of contract.

The defendants filed their answer and affirmative defenses. They alleged that, pursuant to the Hospital's contract with the plaintiff, the Hospital performed services that consumed some of the damages claimed by the plaintiff. They maintained that the plaintiff's final invoice totaled $13,855.24 and that after applying payments of $7,500.00 and $9,174.00, a $2,818.76 credit remained, which was refunded to the plaintiff.

The defendants moved for summary judgment on all of the plaintiff's claims. Attached to the motion were a deposition transcript, affidavits respectively from the Hospital's representative and Dr. McLaughlin, and the final invoice. The eight-page final invoice detailed the costs of the services performed on the plaintiff's dog. The plaintiff filed a memorandum in opposition to the motion along with a supporting affidavit.

The trial court granted the defendants' motion in part and denied it in part. The court dismissed the fraud claims against both defendants and dismissed the breach of contract and unjust enrichment claims against Dr. McLaughlin. This ruling left standing the FDUTPA count against both defendants and the breach of contract and unjust enrichment claims against the Hospital.

The plaintiff later moved for summary judgment, attaching numerous documents and his affidavit.

The defendants never filed a response to the plaintiff's motion for summary judgment.

The trial court held a summary judgment hearing. No transcript of the hearing is in the record.

Following the hearing, the trial court granted the plaintiff's motion for summary judgment and entered a final judgment against the defendants for $6,355.24 (the $9,174 payment for the CAT scan less the $2,818.76 refund), plus prejudgment interest and costs. The order observed that the defendants had not filed a response or objection to the plaintiff's motion and that the matter was considered in accordance with the amended summary judgment rule. The order then made detailed findings of fact based on the plaintiff's submissions, which supported recovery on the

causes of action that survived the order on the defendants' motion for summary judgment.

### *Florida's Amended Summary Judgment Rule*

The Florida Supreme Court recently amended Florida Rule of Civil Procedure 1.510 to conform with the federal summary judgment standard. *See In re Amendments to Fla. R. Civ. P. 1.510*, 309 So. 3d 192, 192 (Fla. 2020) (adopting the federal summary judgment standard); *In re Amendments to Fla. R. Civ. P. 1.510*, 317 So. 3d 72, 74 (Fla. 2021) (largely replacing the text of existing rule 1.510 with the text of Federal Rule of Civil Procedure 56).

The amendment became effective on May 1, 2021, and "govern[s] the adjudication of any summary judgment motion **decided on or after that date, including in pending cases**." *In re Amendments to Fla. R. Civ. P. 1.510*, 317 So. 3d 72, 77 (Fla. 2021) (emphasis added). In this case, the plaintiff's motion for summary judgment was decided after the effective date of the amendment. Therefore, the amended rule applies.

Under the amended rule, summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a) (2021). In applying the amended rule, "the correct test for the existence of a genuine factual dispute is whether 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *In re Amendments to Fla. R. Civ. P. 1.510*, 317 So. 3d at 75 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). As the Florida Supreme Court explained:

> Under our new rule, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct 1769, 167 L. Ed. 2d 686 (2007). In Florida it will no longer be plausible to maintain that "the existence of *any* competent evidence creating an issue of fact, however credible or incredible, substantial or trivial, stops the inquiry and precludes summary judgment, so long as the 'slightest doubt' is raised." Bruce J. Berman & Peter D. Webster, *Berman's Florida Civil Procedure* § 1.510:5 (2020 ed.) (describing Florida's pre-amendment summary judgment standard).

*In re Amendments to Fla. R. Civ. P. 1.510*, 317 So. 3d at 75–76.

### ***The Legal Consequences of the Defendants' Failure to File a Response to the Plaintiff's Motion for Summary Judgment***

As discussed above, the Florida Supreme Court amended Florida Rule of Civil Procedure 1.510 to adopt Federal Rule of Civil Procedure 56 and align Florida's summary judgment standard with that of the federal courts. Subdivision (c)(1) of the amended Florida rule, which is identical to the federal rule, sets forth the requirements for a party's assertion that a "fact cannot be or is genuinely disputed":

> (1) *Supporting Factual Positions.*  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fla. R. Civ. P. 1.510(c)(1) (2021).

Subdivision (c)(5), which is **not** present in the federal rule,[1] sets forth the timing requirements for the parties' supporting factual positions and **requires** the nonmovant to serve a response to a motion for summary judgment at least twenty days prior to the hearing:

> (5) *Timing for Supporting Factual Positions.*  At the time of filing a motion for summary judgment, the movant must also serve the movant's supporting factual position as provided in subdivision (1) above. **At least 20 days before the time fixed for the hearing, the nonmovant must serve a response that includes the nonmovant's supporting factual position as provided in subdivision (1) above.**

---

[1] *Compare* Fla. R. Civ. P. 1.510(c)(5), *with* Fed. R. Civ. P. 56(c).

Fla. R. Civ. P. 1.510(c)(5) (bold emphasis added). The Florida Supreme Court implemented this change in the timing-related aspects of the rule "to reduce gamesmanship and surprise and to allow for more deliberative consideration of summary judgment motions." *In re Amendments to Fla. R. Civ. P. 1.510*, 317 So. 3d at 77.

If a party fails to properly support or address a fact as required by subdivision (c)(1), the amended rule provides discretionary options for the trial court:

> **(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by rule 1.510(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> **(2) consider the fact undisputed for purposes of the motion;**
>
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fla. R. Civ. P. 1.510(e) (2021) (second emphasis added).

The amended rule required the defendants to serve a response to the motion for summary judgment. Rule 1.510(c)(5) states that "the nonmovant must serve a response." There is no wiggle room in the word "must." That word makes the filing of the response mandatory. On a motion for summary judgment, by requiring the nonmoving party to take a definite, detailed position, the rule promotes deliberative consideration of the motion.

We reject the defendants' contention that their prior summary judgment motion—disposed of seven months before the filing of the plaintiff's motion—satisfied the mandatory requirement of rule 1.510(c)(5).[2] Such an approach would undermine the rule's intent to have

---

[2] The cases cited by the defendants are distinguishable, as those cases were decided under the old summary judgment rule, which did not require a response. *See Huertas v. Avatar Prop. & Cas. Ins. Co.*, 333 So. 3d 767 (Fla. 4th DCA

the parties take definite, detailed positions on summary judgment motions. Without filing a response, a nonmoving party pursues a risky course by waving at the record, leaving the trial court to mine for nuggets of triable fact that would preclude summary judgment. "The court need consider only the cited materials, but it may consider other materials in the record." Fla. R. Civ. P. 1.510(c)(3); *see also Cole v. McAllister*, 548 F. Supp. 3d 985, 991–92 (D. Idaho 2021) ("[T]he Court is not required to comb through the record to find some reason to deny a motion for summary judgment. Instead, the party opposing summary judgment must direct [the Court's] attention to specific triable facts.") (internal quotation marks and citations omitted).

Because the defendants failed to file a response with their supporting factual position, as required under the amended rule, the trial court was permitted to consider the facts set forth in the plaintiff's motion for summary judgment as "undisputed for purposes of the motion." Fla. R. Civ. P. 1.510(e)(2). Nothing in this record demonstrates that the trial court abused its discretion in this regard. While Florida Rule of Civil Procedure 1.510(e)(1) permits a court to "give an opportunity to properly support or address the fact" when a party fails to do so in accordance with subdivision (c), there is no transcript of the summary judgment hearing to confirm that this rule came into play, nor do the defendants cite to that portion of the amended rule.[3] Although the trial court is permitted to consider other materials in the record when ruling on a motion for summary judgment, it is not required to do so, as the amended rule states that the court "need consider only the cited materials." Fla. R. Civ. P. 1.510(c)(3).

The undisputed facts, as enumerated by the trial court, support the entry of a final judgment for the plaintiff on the counts of the complaint that remained after the order on the defendants' motion for summary judgment.

*Affirmed.*

2022); *Woodrum v. Wells Fargo Mortg. Bank, N.A.*, 73 So. 3d 873 (Fla. 4th DCA 2011); *Frost v. Regions Bank*, 15 So. 3d 905, 906 (Fla. 4th DCA 2009).

[3] We acknowledge the Advisory Committee Notes to Federal Rule 56(e), which mirrors rule 1.510(e). Those notes point out that "subdivision (e)(1) recognizes that the court may afford an opportunity to properly support or address [a] fact. In many circumstances this opportunity will be the court's preferred first step." Fed. R. Civ. P. 56(e), 2010 Amendment, Advisory Committee Notes. We emphasize that, in this case, the record does not demonstrate that the trial judge abused his discretion in considering the facts as "undisputed for purposes of the motion" under rule 1.510(e)(2).

GERBER and ARTAU, JJ., concur.

* * *

*Not final until disposition of timely filed motion for rehearing.*