HENDRY, Chief Judge.
This is an appeal by the plaintiffs, E. M. Deehl and Etta Deehl, his wife, from a summary final judgment in favor of the defendant, Sparks Construction Co., Inc.
The defendant construction company entered into a contract with the plaintiffs to construct a residence at 8901 North Bay-shore Drive, Miami, Florida. The building was completed and approved by the Dade County Building and Zoning Department on December 4, 1958. On June 17, 1959, a tornado struck the Miami area and partially demolished the plaintiffs’ house.
In the complaint plaintiffs allege that their residence was destroyed by a tornado as a result of the defective and unwork-manlike manner in which the defendant constructed the building. Specifically, the plaintiffs charged the defendant with negligence in its failure to: (1) comply with the South Florida Building Code; (2) anchor the roof to tie beams properly; (3) provide a sufficient overlap with the reinforcing steel in tie beams at the corners; (4) provide adequate anchoring ties at the ridge; (5) anchor the plate glass panels sufficiently; and (6) provide reinforcing •of the garden wall. Defendant denied all the allegations of the complaint and alleged •contributory negligence. Defendant also alleged that the claim was barred by the statute of limitations.
In support of its motion for summary judgment, defendant submitted an affidavit of its president, William FI. Sparks, in which it was stated that the residence was constructed according to the architectural plans furnished by Wahl Snyder & Associates; that constant supervision was provided by a superintendent and that he personally checked construction progress ■once or twice a week. In addition, frequent inspections were made by the supervising architects. It was also alleged by Mr. Sparks that the overall construction of the residence was made in substantial compliance with the South Florida Building Code and that as constructed the residence passed all the various inspections including the final inspection by the Dade County Building and Zoning Department. Mr. Sparks further alleged that he personally inspected the residence following the tornado and in his opinion none of the damages were as a result of substandard construction or design and that the building code which contemplates construction to withstand 125 miles per hour winds, was complied with.
Wahl Snyder, of Wahl Snyder & Associates which designed and supervised the construction of the residence and which was a defendant below, stated by affidavit that he personally inspected the building an average of once a week during its construction. Based on these inspections he attempted to refute the' specific allegations of negligence charged by the plaintiffs in their complaint.
The affidavit of Bertram S. Warshaw, a registered engineer, was also filed. He stated that the structural design requirements of the South Florida Building Code could be exceeded by the wind velocity and pressure differences commonly experienced with tornadoes. Further, due to prohibitive costs it was not normal practice for most structures, including residences, to be designed in contemplation of the occurrence of tornadic wind velocities.
In opposition to defendant’s motion for summary judgment, plaintiffs filed the counter affidavit of Walter G. Stephan, a licensed consulting engineer in Dade County. Mr. Stephan inspected the residence shortly after the tornado and based on this stated with certainty that the South Florida Building Code was definitely not followed. He attempted to substantiate each specific allegation of negligence charged against the defendant in plaintiffs’ complaint, above, and finally stated:
“Further, affiant says that if the South Florida Building Code had been followed in every particular, this building would *607 have had inherently greater resistance to wind forces. In the opinion of the af-fiant, Mr. Deehl’s building would not have withstood sustained winds of 120 miles per hour.”
On the basis of the above evidence, the trial court held that the defendant demonstrated that there was no genuine issue of any material fact and that the affidavit of Mr. Stephan was defective in that it failed to state that any deficiency as set out in the affidavit was the proximate cause of any damage sustained by the plaintiff. The trial court further held that the affidavit of Mr. Stephan did not refute the affidavit of Mr. Sparks which affirmatively stated that none of the inspected damage of plaintiffs’ residence was as a result of construction or architectural defects.
The burden of showing absence of any genuine issue is on the moving party for summary judgment, and the burden of proving the existence of such issue is not shifted to the opposing party until the movant has successfully met such burden.[1] All reasonable inferences of fact from the evidence proffered are to be drawn in favor of the opponent and against the proponent of the motion.[2]
Thus, the initial burden was on the defendant to prove the absence of genuine issues of material fact. The order of the trial court indicates that the plaintiffs failed to refute the affidavit of Mr. Sparks which affirmatively states that none of the damage was as a result of construction or architectural defects. However the opinion of Sparks is based only on assertions that frequent inspections indicated that the construction was performed in substantial compliance with the South Florida Building Code and that the building passed all of the inspections of the Dade County Building and Zoning Department. These general assertions do not counter the charges of the complaint and do not as a matter of law prove the absence of genuine triable issues. Nor is the affidavit of Wahl Snyder sufficient in this regard. Mr. Snyder states that upon inspection it appeared to him that the roof was anchored to the tie beams and it appeared that there was sufficient overlap provided with the reinforcing steel and the tie beams at the corners. This-evidence does not conclusively prove the absence of genuine issues of material fact, thus, the defendant did not meet its burden and the sufficiency of the plaintiffs’ affidavit need not be considered.
Having failed to meet its burden, it was-error for the lower court to grant the defendant’s motion for summary judgment. Accordingly, the order appealed from is reversed and the cause remanded for further proceedings.
Reversed and remanded.

. Harvey Building, Inc. v. Haley, Fla.1965, 175 So.2d 780.

. McCutcheon v. Seaboard Air Line Railroad Company, Fla.App.1961, 133 So.2d 660.