PEARSON, Chief Judge.
The appellant was the plaintiff in an action for personal injuries resulting from an automobile collision. Two final judgments were entered in that cause. The first was entered November 15, 1967, after a jury trial. This judgment was for both of the two named defendants, one of whom was appellee Wesley, against the appellant. The second judgment, entered May 5, 1969, was for the appellant against appellee Wesley. It assessed appellant’s damages at $145,000.-00. The appellant brought a garnishment proceeding against an alleged insurer based upon the second judgment. The trial court entered a summary final judgment for the garnishee. This appeal is from that judgment. We affirm upon the law set forth in Shelby Mutual Insurance Company of Shelby Ohio v. Pearson, Fla., 236 So.2d 1, filed May 20, 1970.
There are no conflicts as to the following sequence of events:
June 30, 1966 — Complaint filed seeking judgment against defendants Marion Wesley and G. M. Used Truck Sales, Inc.
August 2, 1970 — Answer of defendant G. M. Used Truck Sales, Inc., filed.
November 15, 1967 — Final judgment entered for both defendants reciting jury verdict for the defendants.
September 5, 1968 — Filing of motion for default and trial date against defendant Marion Wesley for failure to file answer.
September 16, 1968 — Filing of order entering default judgment on the issue of liability in favor of plaintiff (Stafford Blatch) and against defendant Marion Wesley.
March 7, 1969 — Filing of order setting case for trial.
May 5, 1969 — Entry of final judgment in favor of plaintiff Blatch against defendant Marion Wesley.
June 4, 1969 — Filing of motion for garnishment after judgment.
November 19,1969 — Filing of motion by garnishee for summary final judgment.
December 5, 1969 — Hearing on motion.
December 11, 1969 — Entry of summary final judgment for garnishee-appellee.
The first point presented by the appellant urges that the judgment must be reversed because only 18 days elapsed from the service of the motion for summary judgment and the hearing on the motion. See Rule 1.510(c), R.C.P., 31 F.S.A.; Seven-Up Bottling Co. of Miami v. George Const. Corp., Fla.App. 1964, 166 So.2d 155. This point may not be considered because it was not raised in the trial court. Compare Worcester Mutual Fire Insurance Co. v. Eisenberg, Fla.App.1962, 147 So.2d 575. The time set by Rule 1.510(c), R.C.P., is not • jurisdictional. It may therefore be waived by a failure to object or move for a continuance. Cf. Bernard Marko & Associates, Inc. v. Steele, Fla.App.1970, 230 So.2d 42; Oppenheimer v. Morton Hotel Corporation, 324 F.2d 766 (6th Cir. 1963).
Appellant’s second point urges that the summary judgment was improper because there was a genuine issue as to the *310 grounds for the garnishment in that the insurance policy which was the basis of the writ was not before the court. The existence of the policy and its terms may well be issues of fact, but they are not genuine issues of material fact because the judgment appealed from was entered upon the legal basis that the final judgment of May 5, 1969, was void.
The record before the trial judge upon the motion for summary judgment contained the valid judgment for the defendants rendered November 15, 1967. The record showed that no proceedings were taken pursuant to Rule 1.540, R.C.P., to set aside that judgment; it was therefore a bar to the entry of a second judgment in the cause. A garnishee may raise by way of defense the invalidity of the judgment which is the basis for garnishment after judgment. See cases cited at 6 Am.Jur.2d, Attachment and Garnishment, § 385.
Affirmed.