698 So.2d 617 (1997)
Leslie DAEDA, Appellant,
v.
BLUE CROSS & BLUE SHIELD OF FLORIDA, INC., a corporation, Appellee.
No. 96-05160.
District Court of Appeal of Florida, Second District.
August 27, 1997.
Ralph P. Richard of Law Office of Ralph P. Richard, Fort Myers, for Appellant.
Karen H. Curtis of Gallwey Gillman Curtis Vento & Horn, P.A., Miami, for Appellee.
SCHOONOVER, Acting Chief Judge.
The appellant, Leslie Daeda, challenges a final summary judgment in favor of the appellee, Blue Cross & Blue Shield of Florida, Inc. We find that the trial court erred in granting a summary judgment and, accordingly, reverse and remand for further proceedings.
The instant action was commenced when the appellant filed an action against the appellee seeking damages for the alleged breach of a health insurance policy she had purchased from the appellee. The appellee answered the complaint and filed a two count counterclaim seeking to have the policy declared void ab initio and requesting damages in connection with the benefits it had paid under the policy.
The appellee moved for a summary judgment which was granted. The trial court entered a final judgment declaring the policy void ab initio and awarding the appellee damages (the amount of medical claims paid by the appellee) in the amount of $70,323.79 plus interest. This timely appeal followed.
A motion for summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fla. R. Civ. P. 1.510(c). The burden is on the movant to demonstrate conclusively that the nonmoving party cannot prevail. Gomes v. Stevens, 548 So.2d 1163 (Fla. 2d DCA 1989); Snyder v. Cheezem Dev. Corp., 373 So.2d 719 (Fla. 2d DCA 1979). See also Holl v. Talcott, 191 So.2d 40 (Fla.1966). If the record raises even the slightest doubt that an issue might exist, summary judgment is improper. In this case, based upon the evidence properly considered by the trial court, the appellee did not carry its burden and, accordingly, the matter must be reversed and remanded for *618 further proceedings. Gomes, 548 So.2d at 1164.
We realize the value of summary judgment procedures in expediting the disposition of cases and in disposing of those matters where the material facts are not in conflict. Under our rules of civil procedure, however, only competent evidence may be considered by the court in ruling upon a motion for summary judgment, and in this case certain material furnished to the trial court was not competent. Halavin v. Tamiami Trail Tours, Inc., 124 So.2d 746 (Fla. 1st DCA 1960).
After the appellee filed its motion for summary judgment it filed a memorandum in support of the motion. Attached to the memorandum was documentation including an application for social security disability benefits which had been filed by the appellant. Although these documents indicate that the appellee might be entitled to summary judgment, it is not necessary for us to decide that question because the material was not properly authenticated and without it a material issue of fact remains to be decided. See Tunnell v. Hicks, 574 So.2d 264 (Fla. 1st DCA 1991).
The documentation concerning the appellant's social security disability claim would not be admissible at trial because it was not properly authenticated. Therefore, the trial court could not properly consider that information in deciding a motion for summary judgment. In re Crosley, 384 So.2d 274 (Fla. 4th DCA 1980). See also Jackson v. Stelco Employees' Credit Union, Ltd., 178 So.2d 58 (Fla. 2d DCA 1965). Without that information, a question concerning a material issue of fact remains, and we, accordingly, reverse and remand for proceedings consistent herewith. Reversed and remanded with instructions.
THREADGILL and PATTERSON, JJ., concur.