KHOUZAM, Judge.
Redland Insurance Company appeals the trial court’s order granting summary judgment in favor of the defendants below. Because summary judgment was improperly granted, we reverse and remand for further proceedings.
CEM Site Constructors, Inc. (CEM), is a corporation owned and managed by Charles McLeod Jr. In December 2008, CEM applied for and received a commercial auto insurance policy from Redland with an effective date of December 10, 2008. Included in the application was a “Commercial Auto Drivers List” that did not contain a definition for the term “driver.” The application and accompanying policy also did not indicate who should be named on the list. It was unclear whether the list should include only those employees who regularly drove for the company, or instead anyone who could conceivably be expected to drive for the company at any time.[1] Some CEM employees were included on the drivers list, but Charles McLeod III was not.
On August 3, 2009, McLeod III was involved in an automobile accident while driving one of McLeod Jr.’s personal vehicles on company business. The accident resulted in the death of John P. Jorge, the driver of the other vehicle. Jorge’s personal representative sued CEM for his wrongful death, and CEM made a claim with Redland for liability coverage under the policy. Redland denied the claim because of CEM’s failure to include McLeod III on the drivers list.
In February 2010, Redland filed a two-count declaratory action against a number of defendants, including CEM, McLeod Jr., McLeod III, and the personal representative of John P. Jorge. In the first count, Redland requested a declaration that it was entitled to rescission of the policy under section 627.409(1), Florida Statutes (2008), alleging that the failure to include McLeod III on the drivers list constituted a fraudulent, material misrepresentation rendering the entire policy void ab initio. Redland’s second count sought a declaration that, even if the en *1261 tire policy was not void, McLeod III was excluded from coverage for failure to qualify as an “insured” under the policy’s terms because he was an employee driving a vehicle owned by a member of his household.[2]
Following some discovery, the decedent’s personal representative moved for summary judgment, raising three grounds: first, that the terms of the application were ambiguous, specifically because the term “driver” was not defined anywhere in the policy; second, that McLeod III was not an employee at the time CEM completed and submitted the application; and third, that McLeod III qualified as an “insured” under the policy because he was not a member of McLeod Jr.’s household at the time of the collision.
At the summary judgment hearing, argument focused on the first ground. Specifically, the defendants below argued that because the term “driver” was not defined in the application, it was ambiguous, and therefore as a matter of law there could be no misrepresentation regardless of any of the factual issues in dispute. The defendants relied upon Great Oaks Casualty Insurance Co. v. State Farm Mutual Automobile Insurance Co., 530 So.2d 1053 (Fla. 4th DCA 1988), in support of this position, arguing that if there was any ambiguity over the term “driver,” then summary judgment would be appropriate. Redland argued in response that the issue of ambiguity involved material questions of fact not properly resolved by summary judgment.
The court granted the motion, noting that Great Oaks was controlling on the ambiguity issue because of Redland’s failure to define “driver” in its own application. After denying Redland’s Motion for Rehearing and/or Reconsideration, the court entered a final declaratory judgment, and Redland timely appealed.
We agree with Redland that the issue of ambiguity in this case involves material questions of fact not appropriate for summary judgment. “[A] motion for summary judgment is not a substitute for a trial on the merits.” Hervey v. Alfonso, 650 So.2d 644, 646 (Fla. 2d DCA 1995). Therefore, rather than resolving any disputed issues of fact, id., “the court’s function is solely to determine whether the record conclusively shows that the moving party proved a negative, that is, ‘the nonexistence of a genuine issue of a material fact,’ ” Winston Park, Ltd. v. City of Coconut Creek, 872 So.2d 415, 418 (Fla. 4th DCA 2004) (quoting Besco USA Int’l Corp. v. Home Sav. of Am. FSB, 675 So.2d 687, 688 (Fla. 5th DCA 1996)). Summary judgment accordingly is appropriate only where “the state of the evidence is such that the nonmoving party will not be able to prevail at trial as a matter of law.” Land Dev. Servs., Inc. v. Gulf View Townhomes, LLC, 75 So.3d 865, 868 (Fla. 2d DCA 2011). The burden in such circumstances is on the movant to “establish irrefutably that the nonmoving party cannot prevail were a trial to be held.” Id. This court reviews de novo a grant of summary judgment. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000).
Unlike the facts in Great Oaks, which were clear and not in dispute, there remain disputed issues of fact in the instant case. These issues include whether McLeod III was an employee of CEM, *1262 how often McLeod III drove for CEM when it completed the application, what effects prior dealings between the parties had on CEM’s understanding of the terms in the application, and whether Redland’s failure to use its Non-Specified Operators form impacted CEM’s ability to properly complete the application. Because the determination of ambiguity in this case involves disputed issues of fact, summary judgment was not appropriate. We therefore reverse the entry of summary judgment and remand for further proceedings.
Reversed and remanded.
KELLY and BLACK, JJ„ Concur.

. Although it appears from the record that Redland at some point had previously employed a “Non-Specified Operators” form, which defined "specified operator” (apparently another term Redland used for "driver”), the form was not included in CEM’s application or policy.

. Under the policy, an "insured” was defined in relevant part as "[CEM] for any covered 'auto,' " and "[ajnyone else while using with [CEM's] permission a covered 'auto' [CEM] own[s], hire[s] or borrow[s] except ... [CEM's] 'employee' if the covered 'auto' is owned by that ‘employee’ or a member of his or her household.”