EMAS, J.
Estoril Incorporated (“Estoril”) appeals a final judgment entered by the trial court after granting summary judgment in favor *387 of Mayfield Condominium Association, Inc. (“Mayfield” or the “Association”). For the reasons set forth below, we reverse.
This appeal centers around the Espiri-to Santo Plaza (“Espirito”), a multi-use, high-rise building in Miami comprised of a hotel component, a residential condominium component, and a commercial office component, bordered by a twelve-story parking garage. Estoril owns the office component. In February 2003, Es-toril recorded a Declaration of Covenants, Restrictions and Easements for Estoril Project (the “Master Covenants”). The Master Covenants were provided to all purchasers of condominium units and established the legal framework for the multiple uses of the property.
Pursuant to the Master Covenants, all improvements on the office, hotel and residential components are constructed as to contain a single unified structure, such that certain components of the properties must be shared. These shared components encompass the “General Shared Facilities” and include the parking facilities located in the parking garage used by the condominium owners.
The Master Covenants authorize Estoril to regulate parking in its garage at Espiri-to. Specifically, section 16.1(c) of the Master Covenants allows Estoril to impose a charge on the condominium owners for use of the parking garage, as follows:
16.1 Easements. Given the integration of the improvements on the Office Lot and the Hotel and Residential Lots, the following easements are hereby reserved and granted over [,] under and upon the Lots as follows, subject to all of the other provisions of this Article 16:
(c) Use. Subject to such rules and regulations as may be established from time to time by [Estoril], a non-exclusive easement is hereby reserved (and declared and created) over, under and upon such portions of the Office Lot as may be designated from time to time by the Owner therefor for the use, benefit and enjoyment of any General Shared Facilities that may be construed thereon from time to time in favor of the Hotel and Residential Lots, including Condominium Unit Owners, and such Condominium Unit Owner’s tenants and invitees .... [Estoril] shall have the right to establish, from time to time, rules and regulations regarding the use of the General Shared Facilities, including, without limitation, the right to charge reasonable use fees for use. of the General Shared Facilities and/or for services offered from the General Shared Facilities.
(Emphasis added)
The Master Covenants contain no definition of the terms “establish” or “rules and regulations” as used in the foregoing section.
The condominium owners were permitted to park in the garage beginning in 2005. In 2005, Estoril charged the Association $117,095.04 for use of the parking garage. This charge was reflected in Es-toril’s operating budget as well as a document entitled “Overview Spreadsheet.” The budget and the Overview Spreadsheet were part of the package of condominium documents provided to purchasers of the condominium units.
The developer’s turnover of the Association to the unit owners took place on November 1, 2007. Prior to the turnover, the Association approved the 2005, 2006, and 2007 budgets containing Estoril’s annual parking charges. In March of 2007, Esto-ril rendered a bill in the amount of $99,933 for “Parking Expense” for the year 2006, and the Association paid this charge prior to the turnover.
*388 On November 1, 2007 (the date of the turnover), Estoril provided the Association with an invoice for parking expenses of $78,354.26, an amount representing the first ten months of 2007. At the same time, the new board of directors was presented with the financial statements of the Association as of the date of turnover. Those financial statements showed the Association owed Estoril a total of $290,882 for parking expenses.
In subsequent years, Estoril prepared and presented the Association with bills for use of the garage parking facility. On November 21, 2008, the Estoril Master Association held a meeting attended by an Association representative. At this meeting, Estoril presented a chart entitled “Parking Charge,” showing that Estoril was charging the Association an annual contract price of $124,105 for parking expenses for the years 2008 and 2009. The minutes of that meeting reflect that the board of directors of the Master Association approved these parking charges for 2008 and 2009. In December of 2008 and February 2009, Estoril submitted bills to the Association for 2008 parking charges in the amount of $124,105.
During 2009, Estoril billed the Association approximately six times for parking charges. In 2010, Estoril billed the Association quarterly for parking charges, and in a February 2011 invoice, Estoril billed the Association for parking charges for the first quarter of 2011. The Association did not pay the parking charges imposed by Estoril for the years 2005, 2007-2010, or the first quarter of 2011. This prompted Estoril to file a complaint for, inter alia, breach of contract, seeking to recover the unpaid parking charges.
Estoril thereafter amended its complaint; the Association answered and later moved for partial summary judgment on the breach of contract claim, premised primarily upon one argument:
[the Master Covenants] mandate that Estoril was required to establish a rule or regulation before it could charge Mayfield a ‘use fee’ for the garage. Es-toril never formally adopted any such written rule or regulation.... Accordingly, Mayfield is entitled to partial summary judgment on the issue of the garage ‘use fee’ as a matter of law.
The court granted partial summary judgment, concluding that Estoril did not charge the use fee properly as they never formally adopted a written rule or regulation regarding such use fee. After a series of additional hearings, the court rendered an Omnibus Order on October 24, 2011, denied Estoril’s motion for rehearing of the summary judgment, and rendered its Final Judgment in favor of the Association on the breach of contract claim.[1]
“Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.” MGM Constr. Servs. Corp. v. Travelers Cas. & Sur. Co. of America, 57 So.3d 884, 887 (Fla. 3d DCA 2011). Further, on appeal from summary final judgment,
the appellant is entitled to have the record reviewed so that every reasonable inference is drawn in his favor. Conversely, the moving party has the burden of conclusively showing the absence of genuine issues of material fact. If the existence of such issues, or the possibility of their existence, is reflected in the record, or the record even raises the *389 slightest doubt in this regard, the summary final judgment must be reversed.
Riverwood Condo. Ass’n, Inc. v. Litecrete, Inc., 69 So.3d 983, 985 (Fla. 3d DCA 2011)(quoting Williams v. Fla. Realty & Mgmt. Co., 272 So.2d 176, 177 (Fla. 3d DCA 1973). In ruling on a summary judgment motion, the court may not weigh the evidence. Sierra v. Shevin, 767 So.2d 524 (Fla. 3d DCA 2000).
Here, the trial court determined that the term “rules and regulations” was clear and unambiguous. The trial court further determined that the language of the Master Covenant required Estoril to formally adopt a written rule or regulation and that, in the absence of such, the documents, records, bills and actions of Estoril were insufficient to meet this requirement. However, there is nothing in the language of this provision, or in the remaining provisions of the Master Covenants, that requires some formalized writing or particular process, and the trial court erred in ascribing such a requirement to the provision at issue. We find that different inferences can reasonably be drawn from the language of the Master Covenants, leaving unresolved the question of whether the actions and course of conduct of Estoril, as described herein, established a rule or regulation for the charging of a use fee.
The record below, viewed in a light most favorable to the non-moving party, establishes that genuine issues of material fact remain and are the proper subject of determination by the fact finder. See Cali v. Meadowbrook Lakes View Condo. Ass’n B, Inc., 59 So.3d 363 (Fla. 4th DCA 2011); Swain v. Meadows at Martin Downs Homeowners Ass’n, Inc., 59 So.3d 258 (Fla. 4th DCA 2011).
Reversed and remanded for proceedings consistent with this opinion.

. The court also entered summary judgment on the other counts of the complaint "to the extent [those counts sought] damages for alleged unpaid ‘use fees’ associated with the parking garage....”