# Third District Court of Appeal

## State of Florida

Opinion filed May 9, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-677
Lower Tribunal No. 13-16209

_____

**Suresh Gidwani and Bina Gidwani,**
Appellants,

vs.

**Sherry Roberts and Alice Randolph,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Rosa I. Rodriguez, Judge.

Arnold R. Ginsberg, P.A., and Arnold R. Ginsberg, for appellants.

Pathman Lewis, LLP, and Peter L. Meltzer and John A. Moore, for appellees.

Before SUAREZ, LAGOA, and LINDSEY, JJ.

LAGOA, J.

Appellants, Suresh Gidwani and Bina Gidwani (collectively "Appellants"),

appeal from a final summary judgment as to liability, as well as a final judgment

awarding both damages and attorneys' fees, entered in favor of Appellees, Sherry Roberts ("Roberts") and Alice Randolph (collectively "Appellees"). Because genuine issues of material fact exist as to who owns the parking spaces numbered 410 and 411, we reverse the final summary judgment as to liability entered in favor of Appellees. We further reverse the final judgment awarding damages and attorneys' fees in favor of Appellees.

I.    FACTUAL AND PROCEDURAL BACKGROUND

On July 29, 1998, Appellees purchased a penthouse condominium unit ("Unit PH-2") at the Decoplage Condominium (the "Decoplage") in Miami Beach from John Fries ("Fries"). Fries originally purchased Unit PH-2 in 1994 from the Decoplage's developer, which assigned parking spaces numbered 410 and 411 (the "Decoplage Spaces") to Fries with the unit. That assignment was memorialized by a written instrument (the "Decoplage Assignment"), which provided that the Decoplage Spaces were for the "exclusive use of the Unit PH-2." Appellees testified that Fries orally assigned the Decoplage Spaces to them with their purchase of Unit PH-2, which they had used uninterrupted for thirteen years, but that they were unable to contemporaneously record the assignment due to the condominium developer's policies. In April 1999, the Decoplage amended its Declaration of Condominium to require unit owners to record their assignments of parking spaces. It was not until March 28, 2011, that Appellees recorded a

2

certificate, prepared by Roberts, evidencing the assignment of the Decoplage Spaces to them from Fries in the Official Public Records of Miami-Dade County.

On March 29, 2011, Appellants finalized their purchase of a Decoplage condominium unit ("Unit 1033") from Dorian A. Vergos ("Vergos"), which was evidenced by a warranty deed recorded in the Official Public Records of Miami-Dade County on April 12, 2011. Subsequently, Appellants received an "approval" from the Decoplage that referenced the Decoplage Spaces as being assigned to Unit 1033. The Decoplage's corporate representative testified, and a letter from the Decoplage's counsel stated, however, that this "approval" only pertained to unit purchases and neither approved nor disapproved parking space assignments. The corporate representative also testified that the Decoplage does not independently verify parking space assignments, but instead relies upon information provided by the unit owners. This "approval" was the only record evidence suggesting Appellants were assigned the Decoplage Spaces, as Appellants' Purchase and Sale Agreement for Unit 1033 did not reference the Decoplage Spaces. Moreover, Appellants never met or spoke with Vergos and thus was unaware of whether Vergos ever had the right to the Decoplage Spaces.

After Appellants' purchase of Unit 1033, a dispute commenced over the assignment of the Decoplage Spaces. Initially, Appellants received a remote transmitter that allowed them to enter the Decoplage's parking garage, but the

3

Decoplage temporarily revoked their access for a five-month period. The Decoplage subsequently informed the parties that they would need to resolve their ownership claims of the Decoplage Spaces through litigation.

On May 6, 2013, Appellees filed a complaint against Appellants seeking declaratory relief, injunctive action, and damages resulting from Appellants' rental of the Decoplage Spaces to third parties. Following discovery, Appellees moved for summary judgment on the issue of whether Appellants were liable on all counts alleged in their complaint. Appellees filed a sworn affidavit from Roberts with exhibits. In her affidavit, Roberts attested that Fries had orally assigned the Decoplage Spaces with the purchase of Unit PH-2 and that Fries had also provided an undated letter (the "Fries Letter") confirming the assignment to Appellees. The Fries Letter was an exhibit to Roberts' affidavit. The Fries Letter, however, was not created contemporaneously with Appellees' purchase of Unit PH-2, but instead purportedly signed by Fries when Appellees found him, by chance, at a Starbucks on Miami Beach after litigation began. Fries was not deposed nor did he file an affidavit attesting to the veracity of the letter.

In their Response and Memorandum of Law in Opposition to the Motion for Summary Judgment, Appellants argued that Appellees failed to satisfy their burden of proving that no genuine issues of material fact existed in the case. First, Appellants argued that the records of the condominium association produced and

authenticated by Decoplage's designated corporate representative and member of board of directors at his deposition contradicted Appellees' claim. Second, Appellees argued that the Fries Letter attached as Exhibit A to the Roberts's affidavit was "not certified, notarized, verified or authenticated in any admissible manner."

Following a hearing, the trial court granted Appellees' summary judgment motion, and entered a final judgment for damages and attorneys' fees in favor of Appellees, which was later amended on March 2, 2017. Appellants filed this timely appeal.

## II. STANDARD OF REVIEW

We review de novo an order granting summary judgment. Tropical Glass & Constr. Co. v. Gitlin, 13 So. 3d 156, 158 (Fla. 3d DCA 2009). In reviewing a summary judgment, this Court must consider the evidence in the light most favorable to the non-moving party and if the slightest doubt exists, summary judgment must be reversed. Id.

## III. ANALYSIS

On appeal, Appellants argue that because the record does not conclusively demonstrate that Appellees own the rights to use the Decoplage Spaces, the trial court erred in granting summary judgment as genuine issues of material fact exist regarding who owns the parking spaces. We agree.

As a general principle, a "'motion for summary judgment is not a substitute for a trial on the merits.'" Redland Ins. Co. v. Cem Site Constructors, Inc., 86 So. 3d 1259, 1261 (Fla. 2d DCA 2012) (quoting Hervey v. Alfonso, 650 So. 2d 644, 646 (Fla. 2d DCA 1995)). "'Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.'" Estoril Inc. v. Mayfield Condo. Ass'n, Inc., 104 So. 3d 386, 388 (Fla. 3d DCA 2013) (quoiting MGM Constr. Servs. Corp. v. Travelers Cas. & Sur. Co. of Am., 57 So. 3d 884, 885 (Fla. 3d DCA 2011)). In evaluating whether summary judgment is appropriate, the trial court must determine whether the record evidence conclusively demonstrates that the moving party proved no genuine issues of material fact exist, i.e., "to 'establish *irrefutably* that the nonmoving party *cannot* prevail were a trial to be held.'" Redland, 86 So. 3d at 1261 (emphasis in original) (quoting Land Dev. Servs., Inc. v. Gulf View Townhomes, LLC, 75 So. 3d 865, 868 (Fla. 2d DCA 2011)); accord Estoril, 104 So. 3d at 388-89. If the slightest doubt exists as to a genuine issue of material fact, the summary judgment must be reversed. Alvarez-Mejia v. Bellissimo Props., LLC, 208 So. 3d 797, 799 (Fla. 3d DCA 2016); Daneri v. BCRE Brickell, LLC, 79 So. 3d 91, 93-94 (Fla. 3d DCA 2012)). Once the movant produces competent evidence in support of summary judgment, "the opposing party must come forward with counterevidence sufficient to reveal a genuine issue" of material fact.

6

Landers v. Milton, 370 So. 2d 368, 370 (Fla. 1979); accord Valderrama v. Portfolio Recovery Assocs., Inc., 972 So. 2d 239, 239 (Fla. 3d DCA 2007). On summary judgment, the trial court "may neither adjudge the credibility of the witnesses nor weigh the evidence." Sierra v. Shevin, 767 So. 2d 524, 525 (Fla. 3d DCA 2000).

In support of their motion for summary judgment, Appellees identified the following evidence[1] as conclusively establishing their right to use the Decoplage Spaces: 1) Appellees' testimony that Fries orally assigned the Decoplage Spaces to them with their purchase of Unit PH-2; 2) the Decoplage Assignment; 3) the unauthenticated Fries Letter; 4) Appellees' certificate recording the assignment of the Decoplage Spaces; 5) Appellants' recorded warranty deed and Decoplage "approval"; 6) the Decoplage's letter stating it did not approve parking space assignments; 7) Appellants' Purchase and Sale Agreement for Unit 1033; and 8) portions of Appellants' and the Decoplage's representative's depositions.

---

[1] Appellees urge us to take judicial notice of an amendment to the Decoplage's Declaration of Condominium in the public records of Miami-Dade County requiring the Decoplage's unit owners to record their assignments of parking spaces. This amendment, however, was never introduced into evidence below and is thus not in the record. See Bull v. Jacksonville Fed. Sav. & Loan Ass'n, 576 So. 2d 755, 756 (Fla. 1st DCA 1991). Before a court may take judicial notice, "a court must 'afford each party reasonable opportunity to present information relevant to the propriety of taking judicial notice and to the nature of the matter noticed.'" Rodriguez v. Philip, 413 So. 2d 441, 442 (Fla. 3d DCA 1982) (quoting § 90.204, Fla. Stat. (1979)). Because Appellees did not follow these proper steps in requesting that the trial court take judicial notice of the amendment, we are unable to do so.

Appellees argue that this evidence conclusively proved that they were assigned the Decoplage Spaces by Fries and that Appellants failure to introduce a counter-affidavit or counter-evidence to the contrary revealing the existence of a genuine issue of fact supports affirmance of the trial court's order.

While it is true that an opposing party must go beyond merely asserting that an issue exists to defeat summary judgment, Landers, 370 So. 2d at 370, the non-movant party has no obligation to file a counter-affidavit or counterevidence if the moving party has failed to meet their initial burden of proving the absence of any genuine issues of material fact. Deehl v. Sparks Constr. Co., 191 So. 2d 605, 607 (Fla. 3d DCA 1966) ("The burden of showing absence of any genuine issue is on the moving party for summary judgment, and the burden of proving the existence of such issue is not shifted to the opposing party until the movant has successfully met such burden.").

We find that Appellees failed to meet their initial burden. The only evidence that purportedly established a transfer of the Decoplage Spaces to Appellees was the Fries Letter. However, as the Appellants argued below and on appeal, the Fries Letter purporting to evidence the assignment of the Decoplage Spaces to Appellees was not competent evidence as it was not properly authenticated. See Bryson v. Branch Banking & Tr. Co., 75 So. 3d 783, 786 (Fla. 2nd DCA 2011) (holding that "unauthenticated copies of default letters . . . were

8

insufficient for summary judgment purposes because only competent evidence may be considered in ruling on a motion for summary judgment."); Booker v. Sarasota, Inc., 707 So. 2d 886, 889 (Fla. 1st DCA 1998) ("A Florida court may not consider an unauthenticated document in ruling on a motion for summary judgment, even where it appears that the such document, if properly authenticated, may have been dispositive."). A party cannot simply attach unsworn or unauthenticated documents to a motion for summary judgment and satisfy the procedural requirements of Florida Rule of Civil Procedure 1.510(e). See Freiday v. OneWest Bank, 162 So. 3d 86, 87 (Fla. 4th DCA 2014). Because "only competent evidence may be considered by the court in ruling upon a motion for summary judgment," a document attached to a motion for summary judgment or a document attached to an affidavit that is not otherwise authenticated is not competent evidence. Daeda v. Blue Cross & Blue Shield of Fla., Inc., 698 So. 2d 617, 618 (Fla. 2d DCA 1997).

IV.   CONCLUSION

Because genuine issues of material fact exist as to who owns the Decoplage Spaces, we reverse the trial court's final summary judgment order in favor of Appellees and further reverse the subsequent amended final order awarding damages and attorneys' fees.

Reversed and remanded for further proceedings.