# Third District Court of Appeal

## State of Florida

Opinion filed December 23, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-1049
Lower Tribunal No. 16-16302
_____

**Veronica Saunders,**
Appellant,

vs.

**Florida Peninsula Insurance Company, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Cernitz Shanbron, LLC., and Justin Cernitz; Alvarez, Feltman, Da Silva & Costa, PL, and Paul B. Feltman, for appellant.

Kelley Kronenberg, P.A., and Kimberly J. Fernandes (Tallahassee), for appellees.

Before EMAS, C.J., and GORDO and LOBREE, JJ.

PER CURIAM.

Veronica Saunders (the "insured") appeals from the trial court's entry of

summary judgment in favor of Florida Peninsula Insurance Company (the "insurer"). Finding that the insured's all-risk insurance policy's faulty workmanship exclusion prohibits coverage for the alleged loss, we affirm.

The insured hired a contractor to install a new addition to her property. During the installation process, the contractor removed a portion of the roof of the main house and left the opening exposed (covered only with tarps) for a few weeks, and the insured's home sustained damage when it rained. Following a denial of coverage, the insured filed a petition for declaratory relief seeking a determination of coverage under her policy.

The insurer moved for summary judgment on the basis that the conduct of the contractor was not a covered peril under the subject policy because it expressly excludes loss to property caused by "[f]aulty, inadequate[,] or defective . . . [d]esign, specifications, workmanship, repair, construction, renovation, remodeling, grading, [and] compaction." The insured opposed summary judgment arguing that the policy's faulty workmanship provision was ambiguous, as it could refer to either "the faulty quality of a finished product" or "a faulty process,"[1] and thus, should be construed in her favor not to exclude the contractor's conduct during the installation

---

[1] Webster's Ninth New Collegiate Dictionary 1359 (1984) defines "workmanship" as: "1. something effected, made, or produced: WORK" and "2. the art or skill of a workman: CRAFTMANSHIP."

process. The trial court granted the insurer's motion for summary judgment and subsequently entered final judgment in favor of the insurer.

We review a trial court's entry of summary judgment de novo. Gidwani v. Roberts, 248 So. 3d 203, 206 (Fla. 3d DCA 2018). Insurance policy construction, which is a question of law, is also subject to de novo review. Arguelles v. Citizens Prop. Ins. Corp., 278 So. 3d 108, 111 (Fla. 3d DCA 2019).

We note at the outset that a policy's faulty workmanship exclusion is not ambiguous merely because standing alone, the word workmanship is susceptible to two meanings. Rather, a policy's faulty workmanship exclusion should be interpreted in context of the insurance policy at hand. See Dimmitt Chevrolet, Inc. v. Se. Fid. Ins. Corp., 636 So. 2d 700, 704 (Fla. 1993) ("Our duty is to determine whether the [particular] word . . . is ambiguous in the context of the specific insurance policy at issue."). More particularly, because an insurance policy must be interpreted as a whole, the meaning of a term within the policy should be ascertained by reading the term in conjunction with the entire policy, including the terms with which it is associated. See Auto-Owners Ins. Co. v. Anderson, 756 So. 2d 29, 34 (Fla. 2000); Arguelles, 278 So. 3d at 111 ("[I]n construing insurance policies, courts should read each policy as a whole, endeavoring to give every provision its full meaning and operative effect.") (quoting Anderson, 756 So. 2d at 34); see also State Farm Mut. Auto. Ins. Co. v. Menendez, 70 So. 3d 566, 570 (Fla. 2011) ("Both the

3

broader context of the policy's defined terms and the immediate context of the policy exclusion provision point unambiguously to the conclusion that the . . . exclusion [at issue] is applicable here.").

Here, the faulty workmanship exclusion is listed in a subsection of the policy that excludes from coverage damage caused by both a faulty product and a faulty process. Further, the word workmanship is listed between the words "[d]esign [and] specifications" and "repair, construction, renovation, remodeling, grading, [and] compaction." This signals that, contrary to the insured's contention, the subject policy intended the term faulty workmanship to mean more than just the flawed finished product and include the faulty process interpretation of the term as well. Thus, when read in context, we find that the subject policy's faulty workmanship exclusion is unambiguous and should not be construed to mean only a flawed finished product. Accordingly, we conclude that the policy's faulty workmanship exclusion excludes coverage for the insured's loss and affirm.

Affirmed.