DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

ADVANTA IRA SERVICES, LLC,

Appellant,

v.

FTE PROPERTIES, LLC, and WORLDWIDE TRUSTEE SERVICES,
LLC,

Appellees.

No. 2D20-2704

_____

September 10, 2021

Appeal from the Circuit Court for Hillsborough County; Paul L.
Huey, Judge.

Felix G. Montanez of The Law Office of Felix G. Montanez, P.A.,
Tampa, for Appellant.

Erin P. Newell of Denali Law Group, P.A., Fort Myers, for Appellee
FTE Properties, LLC.

No appearance for remaining Appellee.


MORRIS, Chief Judge.

Advanta IRA Services, Inc. (Advanta), appeals a final summary judgment entered in favor of FTE Properties, LLC (FTE), in an underlying interpleader action filed by a title company after the closing of a real estate transaction. We reverse because FTE, as the party moving for summary judgment, failed to refute Advanta's affirmative defense or establish its legal insufficiency.

I. Background

Advanta and FTE engaged in a joint venture to purchase, remodel, and sell a residential property. When the house was completed and sold, a dispute arose between Advanta and FTE regarding the amount of money each should receive from the remaining sale proceeds. FTE claimed entitlement to a portion of the proceeds, whereas Advanta claimed an entitlement to all of the proceeds based on a series of loans to FTE. The closing agent filed an interpleader action against Advanta and FTE, and after the agent was discharged from liability and dismissed from the action, $142,907.36 of the sale funds remained.

FTE moved for summary judgment against Advanta, arguing that Advanta should be awarded only the amounts reflected in four promissory notes, totaling $103,500, and interest up to the date of

2

closing. FTE filed an affidavit from its manager. Advanta filed an affidavit in response to the motion for summary judgment in which the affiant stated that in addition to the amounts reflected in the promissory notes, Advanta was owed an additional $21,527.84 it had loaned to FTE to pay contractors in connection with improvements to the property. Advanta later filed additional documents purporting to show that the additional funds were loaned to FTE. The trial court granted FTE's motion for summary judgment and awarded Advanta a total of $121,590, representing a principal amount of $103,500, as reflected in the promissory notes, and interest calculated to the date of closing in the amount of $18,090.13. The trial court did not award the additional amount of money claimed to have been loaned by Advanta to FTE.

On appeal, Advanta first argues that the trial court erred in discounting its affidavit which established that there was a genuine issue of material fact regarding whether Advanta had loaned FTE additional money not reflected in the promissory notes. This argument is without merit because Advanta's affidavit was insufficient. Even though the affidavit contained a statement that the facts were based on the affiant's personal knowledge, the

affidavit failed to state the affiant's role in Advanta, the facts regarding the additional loan to FTE that would be admissible in evidence, or how the affiant is competent to testify to the facts regarding the additional loan to FTE; the affidavit thus lacks sufficient information to allow a court to conclude that the affiant possesses the competency to testify that FTE owed Advanta additional money. *See* Fla. R. Civ. P. 1.510(e) (2020)[1] ("Supporting and opposing affidavits must be made on personal knowledge, must set forth such facts as would be admissible in evidence, and must show affirmatively that the affiant is competent to testify to the matters stated therein."); *Rodriguez v. Avatar Prop. & Cas. Ins.*, 290 So. 3d 560, 563 (Fla. 2d DCA 2020) (holding that affidavit from a "duly authorized corporate representative" was insufficient because it did not state that it was based on personal knowledge, it did "not identify her title or specify her corporate duties," and it omitted any information about her relevant skill sets or experience, making it impossible to conclude that she was competent to testify to the

---

[1] Rule 1.510 was amended in 2020, effective May 1, 2021, and this provision is now found in subsection (c)(4). *See In re Amendments to Fla. R. Civ. P. 1.510*, 317 So. 3d 72 (Fla. 2021).

4

matters set forth in the affidavit); *Johns v. Dannels*, 186 So. 3d 620, 622 (Fla. 5th DCA 2016) ("The conclusory assertion that [the affiant] is basing the affidavit on 'personal knowledge' does not satisfy the rule's requirement that he 'show affirmatively that [he] is competent to testify' and that he 'set forth such facts as would be admissible in evidence.' A factual predicate for the testimony is required, just as it would be required at trial." (second alteration in original)). As for the various documents later submitted by Advanta, such as receipts and time sheets, Advanta has not demonstrated that the affiant was competent to testify to the matters in the documents, that the documents were authenticated, or how the documents proved that Advanta loaned FTE additional money. *See Bryson v. Branch Banking & Trust Co.*, 75 So. 3d 783, 786 (Fla. 2d DCA 2011) ("The unauthenticated copies of default letters . . . were insufficient for summary judgment purposes because only competent evidence may be considered in ruling on a motion for summary judgment."); *Gidwan v. Roberts*, 248 So. 3d 203, 208 (Fla. 3d DCA 2018) ("Because 'only competent evidence may be considered by the court in ruling upon a motion for summary judgment,' a document attached to a motion for summary judgment or a document

attached to an affidavit that is not otherwise authenticated is not competent evidence." (quoting *Daeda v. Blue Cross & Blue Shield of Fla., Inc.*, 698 So. 2d 617, 618 (Fla. 2d DCA 1997))).  Therefore, Advanta has not shown that the trial court erred in failing to rely on the affidavit or documents submitted by Advanta.

However, we find merit in Advanta's second point on appeal. Advanta argues that FTE failed to refute Advanta's affirmative defense in which Advanta alleged that it had a superior claim to the property in part because it had loaned FTE $15,977.84 in addition to the loans reflected in the four promissory notes.  Advanta argues that FTE never rebutted this claim or established that it was legally insufficient.

"Where a defendant pleads affirmative defenses, the plaintiff moving for summary judgment must either factually refute the affirmative defenses by affidavit or establish their legal insufficiency."  *Bryson*, 75 So. 3d at 785; *see also Haven Fed. Sav. & Loan Ass'n v. Kirian*, 579 So. 2d 730, 733 (Fla. 1991) ("A court cannot grant summary judgment where a defendant asserts legally sufficient affirmative defenses that have not been rebutted." (citing *Ton-Will Enters. v. T & J Losurdo, Inc.*, 440 So. 2d 621 (Fla. 2d DCA

1983))).  In its first affirmative defense, Advanta alleged that it had loaned FTE $15,977.84 in addition to the $103,500 reflected in the promissory notes.  FTE did not factually refute this allegation in its affidavit; it merely addressed the $103,500 owed on the notes.  Therefore, the trial court erred in granting FTE's motion for summary judgment.[2]

_____

[2] We note that the Florida Supreme Court recently adopted the federal summary judgment standard.  *In re Amendments to Fla. R. Civ. P. 1.510*, 309 So. 3d 192.  In doing so, the supreme court noted that since 1966, "Florida courts have required the moving party conclusively 'to disprove the nonmovant's theory of the case in order to eliminate any issue of fact.' "  *Id.* at 193 (quoting Thomas Logue & Javier Alberto Soto, *Florida Should Adopt the Celotex Standard for Summary Judgment*, 76 Fla. B.J., Feb. 2002, at 20, 22).  By contrast, under the federal standard, "there is 'no express or implied requirement . . . that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim.' "  309 So. 3d at 193 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  However, the rule amendment does not apply to this case because the rule amendment became effective on May 1, 2021, and is prospective.  *See* 309 So. 3d at 195; *Wilsonart, LLC v. Lopez*, 308 So. 3d 961, 964 (Fla. 2020) (noting that the new change to rule 1.510 is "a prospective rule amendment"); *Tank Tech, Inc. v. Valley Tank Testing, LLC*, 46 Fla. L. Weekly D1264, D1265 n.1 (Fla. 2d DCA June 2, 2021) (holding that amendment to rule 1.510 did not apply because final judgment had been entered before the effective date of the change, May 1, 2021, and noting that the rule change applies prospectively).

Accordingly, we reverse the final summary judgment. In light of our reversal, we need not address the remaining issues on appeal.

Reversed and remanded.

LUCAS and ATKINSON, JJ., Concur.

_____

Opinion subject to revision prior to official publication.