# Third District Court of Appeal

## State of Florida

Opinion filed May 21, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0470
Lower Tribunal No. 2021-13679-CA-01
_____

**Nair Alice Silveira De Souza Britto Ammirabile, et al.,**
Appellants,

vs.

**Admiral's Port Condominium Association, Inc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Vivianne del Rio, Judge.

David W. Singer & Associates and Peter G. Walsh (Hollywood), for appellants.

Wicker Smith O'Hara McCoy & Ford, P.A., Jessica L. Gross and Nina N. Batista; Cole, Scott & Kissane, P.A., Amanda H. Wasserman and Michael A. Rosenberg (Plantation), for appellees.

Before EMAS, FERNANDEZ and GORDO, JJ.

GORDO, J.

Nair Alice De Souza Britto Ammirabile and Jose Marcos Ammirabile Filho ("Ammirabiles") appeal a final summary judgment[1] entered in favor of Admiral's Port Condominium Association, Inc. ("Condo Association") and Airstron LLC ("Maintenance Company"). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We affirm.

On appeal, Ammirabiles argue the Condo Association's affirmative defense—pleading a possible Fabre[2] defense against the Maintenance Company—triggers liability, without requiring supporting evidence. Contrary to Ammirabiles' argument, a defendant is entitled to name a non-party as a second defendant and seek apportionment of fault if the record contains sufficient evidence of that party's negligence. Asserting such an affirmative defense, however, does not itself constitute evidence. See S. Bell Tel. & Tel. Co. v. Fla. Dep't of Transp., 668 So. 2d 1039, 1041 (Fla. 3d DCA 1996) ("If a defendant wants a *Fabre* defendant on the verdict form, the defendant must see to it that there is legally sufficient evidence in the record from which the jury can find that the *Fabre* defendant was at fault. If there is no such

---

[1] "Our standard of review of an order granting summary judgment is *de novo.*" Ottey v. Citizens Prop. Ins. Corp., 299 So. 3d 500, 501 (Fla. 3d DCA 2020) (quoting White v. Ferco Motors Corp., 260 So. 3d 388, 390 (Fla. 3d DCA 2018)).

[2] See Fabre v. Marin, 623 So. 2d 1182 (Fla. 1993).

2

evidence, the defendant is not entitled to have the *Fabre* defendant placed on the verdict form."

Florida law is well-settled that "[p]leadings are not evidence." Turtle Lake Assocs., Ltd. v. Third Fin. Servs., Inc., 518 So. 2d 959, 961 (Fla. 1st DCA 1988). While it is true that the duty to maintain is a non-delegable duty, liability will only be imposed on the assigning party if there is sufficient evidence of a breach of that duty. Atl. Coast Dev. Corp. v. Napoleon Steel Contractors, Inc., 385 So. 2d 676, 679 (Fla. 3d DCA 1980).

We find the trial court properly entered final summary judgment in favor of the Condo Association and Maintenance Company as a matter of law because Ammirabiles failed to provide such evidence.[3] See Betancourt v. Citizens Prop. Ins. Corp., No. 3D23-0923, 2025 WL 779252, at *2 (Fla. 3d DCA Mar. 12, 2025) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." (quoting Fla. R. Civ. P. 1.510(a))); Gidwani v. Roberts, 248 So. 3d 203, 208 (Fla. 3d DCA 2018) ("[O]nly competent evidence may be considered by the court in ruling upon a motion for summary judgment." (quoting Daeda v. Blue Cross & Blue Shield of Fla.,

---

[3] Ammirabiles do not dispute the summary judgment evidence was insufficient to support a claim of negligent maintenance.

3

Inc., 698 So. 2d 617, 618 (Fla. 2d DCA 1997))); Chowdhury v. BankUnited, N.A., 366 So. 3d 1130, 1134 (Fla. 3d DCA 2023) ("Our new summary judgment standard mirrors the standard for a directed verdict such that the inquiry focuses on 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" (quoting In re Amends. to Fla. Rule of Civ. Proc. 1.510, 309 So. 3d 192, 192 (Fla. 2020))).

Ammirabiles further argue the Maintenance Company was not entitled to summary judgment because it did not independently move for such relief.[4] The record before us shows the Maintenance Company joined the Condo Association's motion at the summary judgment hearing and argued Ammirabiles had failed to present evidence supporting their negligence claim. Ammirabiles did not object and instead responded to the arguments.

We find Ammirabiles waived any challenge to the timing requirements of rule 1.510, as they failed to timely object to the joinder during the hearing. See Blatch v. Wesley, 238 So. 2d 308, 309 (Fla. 3d DCA 1970) ("The time set by Rule 1.510[] is not jurisdictional. It may therefore be waived by a

---

[4] Under the 2023 version of rule 1.510(b) applicable to this case, "[t]he movant must serve the motion for summary judgment at least 40 days before the time fixed for the hearing." Fla. R. Civ. P. 1.510(b). This rule has since been amended.

4

failure to object or move for a continuance."); <u>Bernard Marko & Assocs., Inc. v. Steele</u>, 230 So. 2d 42, 44 (Fla. 3d DCA 1970) ("At the hearing on Steele's timely filed and served motion for summary judgment, Segerman's counsel orally requested permission of the court to join in Steele's motion for summary judgment.  The appellant made no objection.  The court permitted the joinder because the defendants occupied the same legal position relative to the grounds of the motion for summary judgment.  It followed as a matter of law that if defendant Steele was entitled to a summary judgment upon the grounds asserted, defendant Segerman would also be entitled to a summary judgment.   Therefore appellant was in no way prejudiced by defendant Segerman's failure to follow the provision of Rule 1.510[] . . . appellant's failure to object to Segerman's motion to join in the motion for summary judgment filed by Steele amounted to a waiver by the appellant of the time requirements of Rule 1.510[.]"); <u>Wong v. Crown Equip. Corp.</u>, 676 So. 2d 981, 982 (Fla. 3d DCA 1996) ("[P]laintiff's counsel did not object to the argument at the summary judgment hearing nor did he ask for a continuance so that he might prepare to meet this 'new' argument.  Instead, plaintiff's counsel responded to the argument based on the record before the court, and did not raise the subject point until after the trial court had granted the summary judgment, at which time he belatedly filed a motion for rehearing

5

and claimed surprise.  Under these circumstances, we conclude that the plaintiff has waived any procedural irregularity in the motion for summary judgment.").

Affirmed.