# Third District Court of Appeal

## State of Florida

Opinion filed October 15, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2046
Lower Tribunal Nos. 22-13166-CA-01 & 22-15004-CA-01

_____

**Ana B. Sanz, et al.,**
Appellants,

vs.

**Barbara Mena Herrera,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Montalvo Law, P.A., and Hector James Montalvo, for appellants.

Gray Robinson, P.A., and Kenneth B. Jacobs (Jacksonville), for appellee.

Before LOGUE, LINDSEY, and GOODEN, JJ.

PER CURIAM.

Appellants, Ana B. Sanz and Yery Sanz (Defendants below), appeal a final Order granting summary judgment in favor of Appellee, Barbara Mena Herrera (Plaintiff below).

"Summary judgment is appropriate where the 'movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Ibarra v. Ross Dress for Less, Inc., 350 So. 3d 465, 467 (Fla. 3d DCA 2022) (quoting Fla. R. Civ. P. 1.510(a)). Once that initial burden is met, the nonmoving party must show through counterevidence a genuine dispute of material fact. See Betancourt v. Citizens Prop. Ins. Corp., 406 So. 3d 1011, 1013 (Fla. 3d DCA 2025) (quoting Romero v. Midland Funding, LLC, 358 So. 3d 806, 808 (Fla. 3d DCA 2023)). "In determining whether a genuine dispute of material fact exists, the court must view the evidence and draw all factual inferences therefrom in a light most favorable to the non-moving party and must resolve any reasonable doubts in that party's favor." Katha, LLC v. SHEDDF3-AE, LLC, 394 So. 3d 707, 708 (Fla. 3d DCA 2024) (quoting Brevard County v. Waters Mark Dev. Enters., LC, 350 So. 3d 395, 398 (Fla. 5th DCA 2022)).

"Genuine disputes are those in which 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Ibarra, 350 So. 3d at 467 (quoting In re Amends. to Fla. R. of Civ. P. 1.510, 309 So. 3d 192, 194 (Fla. 2020)). "If the evidence is merely colorable, or is not

2

significantly probative, summary judgment may be granted." Ibarra, (quoting In re Amends. to Fla. R. of Civ. P. 1.510, 309 So. 3d at 194). "A party cannot simply attach unsworn or unauthenticated documents to a motion for summary judgment and satisfy the procedural requirements of Florida Rule of Civil Procedure 1.510(e)." Gidwani v. Roberts, 248 So. 3d 203, 208 (Fla. 3d DCA 2018) (citing Freiday v. OneWest Bank, 162 So. 3d 86, 87 (Fla. 4th DCA 2014)). "Because 'only competent evidence may be considered by the court in ruling upon a motion for summary judgment,' a document attached to a motion for summary judgment or a document attached to an affidavit that is not otherwise authenticated is not competent evidence." Gidwani, 248 So. 3d at 208 (quoting Daeda v. Blue Cross & Blue Shield of Fla., Inc., 698 So. 2d 617, 618 (Fla. 2d DCA 1997)).

On the record before us, we find no reversible error and affirm.

Affirmed.