# Third District Court of Appeal

## State of Florida

Opinion filed February 25, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1077
Lower Tribunal No. 20-10946-CC-05
_____

## Indoor Environmental Restoration Now, Inc. a/a/o Carlos Sarmiento and Danilda Baez,

Appellant,

vs.

## Citizens Property Insurance Corporation,

Appellee.

An Appeal from the County Court for Miami-Dade County, Michael G. Barket, Judge.

Tyler Law Firm and Ryan C. Tyler, for appellant.

Lydecker LLP, and Alejandro Sanchez Parraga, and Michelle Diverio, for appellee.

Before FERNANDEZ, GORDO and BOKOR, JJ.

PER CURIAM.

Affirmed. See Gidwani v. Roberts, 248 So. 3d 203, 206 (Fla. 3d DCA 2018) (stating that orders granting a motion for summary judgment are reviewed *de novo*); Gonzalez v. Citizens Prop. Ins. Corp., 273 So. 3d 1031, 1037 (Fla. 3d DCA 2019) ("[A]ffidavits, such as those presented by plaintiff, which are based entirely upon speculation, surmise and conjecture, are inadmissible at trial and legally insufficient to create a disputed issue of fact in opposition to a motion for summary judgment." (quoting Morgan v. Cont'l Cas. Co., 382 So. 2d 351, 353 (Fla. 3d DCA 1980)); Navarro v. Citizens Prop. Ins. Corp., 353 So. 3d 1276, 1280 (Fla. 3d DCA 2023) ("This bare conclusion, however, was bereft of any factual support. This court has previously held that conclusory affidavits are insufficient 'to rebut the presumption of prejudice . . . where the passage of time has rendered [the insurer] unable to determine exactly what current damage is directly attributable to' a storm. Accordingly, Navarro failed to adequately counter the presumption of prejudice." (internal citations omitted)); Perez v. Citizens Prop. Ins. Corp., 343 So. 3d 140, 141, 144 (Fla. 3d DCA 2022) ("Perez's failure to report her loss for over two years, and only after she had conducted repairs and failed to keep any records of her claimed repair costs, rendered it impossible for Citizens to determine whether the claimed damages were a result of the claimed covered event. . . . [The] affidavit was insufficient to rebut the

presumption of prejudice to Citizens resulting from Ms. Perez's delay in reporting the claim. The trial court was therefore eminently correct in its decision to grant summary judgment in favor of Citizens."); Laquer v. Citizens Prop. Ins. Corp., 167 So. 3d 470, 474-75 (Fla. 3d DCA 2015) ("[D]amage to Laquer's **unit or the interior of the wall was not apparent** until several years after Hurricane Wilma: no one, including Laquer, her tenant, her housekeeper, and the condominium manager and his agents who regularly visited Laquer's unit, was able to observe **any damage** to the wood flooring or walls of the unit prior to September 2008 or was otherwise put on notice to further inspect for damage. . . . Contrary to Laquer's suggestion, her duty to provide notice under the policy was not necessarily triggered when she became aware of **the full extent of the damage** or when she determined that Hurricane Wilma was the cause of the damage." (emphasis added)); Castro v. Citizens Prop. Ins. Corp., 365 So. 3d 1203, 1207 (Fla. 3d DCA 2023) ("This passage of time was explained by Castro, who averred that the property was occupied by a tenant during that time period, that the tenant never advised Castro **of any damage**, and that Castro herself was unaware **of any damage** to her property until the tenant moved out of the property in February 2020." (emphasis added)); Arce v. Citizens Prop. Ins. Corp., 388 So. 3d 205, 210 (Fla. 3d DCA 2024), ("Specifically, Mr. Arce's declaration

3

was legally insufficient because it failed to provide any explanation as to why, for nearly three years, he purportedly was unaware that his home had been damaged by Hurricane Irma.").